A. C. COWLES, Adm'r., v. P. HAYES and T. N. COOPER.

Where a plaintiff declares for the value of property sold, as the consideration of a note given at an administrator's sale, it is competent for the witness proving the consideration, to refresh his memory from the account of sales kept by himself; and also to read the terms of the sale as they were read just before the sale commenced.

An administrator regularly appointed, succeeds to all the rights of a special administrator.

(Benton v. Wilkes, 66 N. C. Rep. 604; Cutlar v. Quince, 2 Hay. 60, cited and approved.)

CIVIL ACTION for the recovery of a note given at an administrator's sale, commenced in a Justice's Court, and carried by appeal to the Superior Court of IREDELL county, where it was tried at Spring Term, 1874, before his Honor, *Judge Mitchell.*

The case comes up upon certain exceptions to the evidence admitted on the trial below, of which the opinion of Justice BYNUM sufficiently sets forth the grounds.

There was a verdict and judgment for the plaintiff. Motion for a new trial; motion overruled. Appeal by defendants.

*McCorkle & Bailey,* for appellants.
*Armfield,* contra.

BYNUM, J. ·This was an action originally begun before a single Justice and by successive appeals brought to this Court upon exceptions to evidence and the charge of the Court upon the trial below.

The plaintiff, as administrator of James Howard, sued upon a note given by the defendants to one S. W. Little, who had been the special administrator of the same intestate and as such had taken the note for property sold. The note was given the 3d March, 1865, pending the late war, and under chap. 34, sec. 7, Bat. Rev., the plaintiff declared for the value of the property sold and for which the note was given

Upon the trial many exceptions were taken by the defendants to the testimony admitted and rejected. As all of the exceptions have been repeatedly decided by this Court adversely to the defendants, it would be useless to enumerate them in detail. The plaintiff having declared for the value of goods sold, the Court properly held that to be the only enquiry for the jury and that the testimony introduced by the plaintiff was competent to that end.

The Court allowed the jury to copy a memorandum of articles sold and the prices thereof, made out by the plaintiff's counsel. This was objected to by the defendants. But the case states that this memorandum was but the copy of the account proved and ·admitted in evidence. It was, therefore, nothing more than a note of the evidence taken down by a juror, which was not only proper, but often commendable. The case of *Benton* v. *Wilkes*, 66 N. C. Rep. 604, has no application, because there the Court allowed the jury to take out with them a slip of paper containing an abbreviated estimate of the plaintiff's claim of damage. This was held error because it was not evidence, but allegation merely.

The counsel of the defendants asked the Court to instruct the jury that the plaintiff could not recover because he had failed to show that he had any connection with the note sued on or any interest in the matter in suit. His Honor declined to give the instruction, and in that there is no error, for the

case does disclose that the note was given to S. W. Little, the special administrator, and that the plaintiff was afterwards appointed the general administrator. Clearly, then, the plaintiff succeeded to all the rights of the special administrator, as much so as an administrator *de bonis non* succeeds to all the unadministered effects of the intestate. C. C. P., secs. 55 and 57; *Eure* v. *Eure*, 3 Dev. 206; *Cutlar* v. *Quince*, 2 Hayw. 60.

The claim of the plaintiff here was so obviously just and equitable, and the objections to his recovery so technical and untenable, and the amount involved so small, that it is difficult to see any adequate reason for the obstinacy of the defence. The play is not worth the candle.

There is no error.

PER CURIAM.                                    Judgment affirmed.