# WASHINGTON COUNTY.

## State *vs.* Edwin R. Cottrell.

During a trial the foreman of the jury took notes of the evidence submitted, and reported the same for a daily newspaper : the defendant's counsel consented to the notes being taken, but it did not appear that he knew of the purpose to report them.

*Held,* that as it was not shown that the report was inaccurate, or that the effect of reporting the notes was different from what would have followed if they had been taken only for the use of the juryman, it was not a sufficient ground for a new trial.

A keeper in charge of a jury was directed by the court to discharge them at a

given hour if there were then no probability of their agreeing. When the time arrived the foreman told the keeper that he did not know there was such probability. Being informed that they were discharged the jury protested against it, insisted on further consideration of the case, and finally agreed and sealed up their verdict without being separated.

*Held,* that the keeper was not authorized to discharge the jury so long as there was any doubt about the probability of agreement.

*Held,* further, that under the circumstances the verdict was properly reecived.

PETITION for a new trial.

*February* 25, 1886. PER CURIAM. The petition alleges several grounds for a new trial, but the only grounds that we consider entitled to weight, are, first, that the foreman of the jury reported the evidence during the trial for the Providence Journal, and second, that the jury agreed upon their verdict after they had been discharged by the keeper under direction of the court. In regard to the first it appears that the counsel for the defendant consented to the taking of the notes of testimony, though it is not clear that he knew at the time that he gave his consent that the purpose of taking the notes was to furnish a report for the paper. It does not appear that the report was inaccurate or "dressed up" or in any respect different from what it would have been if the notes had been taken for the personal use of the juryman. The court does not see that merely sending such a report to a newspaper could have had any effect different from what would have followed from his making it for his personal use, and, therefore, the court does not deem it a sufficient ground for granting a new trial.

In regard to the second ground it appears that the direction of the court to the keeper who was left in charge of the jury, was to discharge them at eight o'clock, if there was then no probability of their agreeing. The court thinks that the testimony shows that the jury, when inquired of at eight o'clock whether there was any probability of their agreeing answered by their foreman that they did not know that there was, but did not state that there was no probability. The court thinks that so long as this point remained in doubt, the keeper was not authorized to discharge the jury, but should have kept them until he was informed by them that

there was no probability of their agreeing. It also appears that the jury, when informed that they were discharged, immediately protested against it, and insisted upon further considering the case, and that they finally agreed without having separated, and sealed up their verdict. The court thinks that in these circumstances, the verdict was properly received. The petition for a new trial is, therefore, denied.

*Edwin Metcalf*, Attorney General, for the State.

*Frank W. Tillinghast & Albert B. Crafts*, for the respondent.