## DAVIS DIE COMPANY v BELTZHOOVER ELECTRIC COMPANY

Ohio Appeals, 1st Dist, Hamilton Co

No. 3791. Decided Feb 9, 1931

Robert Porter, Cincinnati, for Davis Die Co.

Coleman Avery, Cincinnati, for Beltzhoover Electric Company.

ROSS, PJ.

The court excluded evidence tending to show that 514 hours was an unreasonable time to take to do the work, an offer of evidence being made by the defendant that the work could reasonably be finished in 300 hours.

We quote from the record:

"Q. Will you state what would be the reasonable time for installing this electrical work by the Beltzhoover Company?

Judge Avery: I object.

The Court. Objection sustained, it is not a question of reasonable time. The employment according to the plaintiff was in the nature of a cost plus, in other words, you gave an order to go and do this work, and the question is whether or not they have charged correctly for the hours of labor performed and material furnished, you could not prove it by having an expert state that, the question is, did they put in that time and furnish that material.

Mr. Porter: I will take exception and make the following proffer:

(If the witness were allowed to answer, he would state 300 hours.)"

It is contended by the defendant in error that the only subject of contest is the unreasonable charge per hour, the number of hours being admitted, or at least not denied, and that plaintiff in error could not show that the time consumed was an unreasonable time.

"Where in an action on an account to recover for services rendered, the petition of plaintiff is in the short form authorized by §5086, Revised Statutes, such petition must be construed to contain and by implication allege, all those facts which it would otherwise be necessary to specifically aver in the statement of a sufficient cause of action, and every fact thus averred by implication is traversed and put in issue by the general denial." Dykeman v Johnson, 83 Oh St, 126, syllabus, paragraph 1.

The burden was upon the defendant in error to show that the charge made for "labor" was a reasonable charge. Such an allegation was implied by the petition, and was denied by the answer. The number of hours was reached by the process of division, the defendant in error claiming its charge was at the rate of $2.50 per hour. There is in such a charge therefore two elements, the number of hours and the rate per hour. It can not be successfully contended we hold that the characteristics of

reasonableness may be addressed and confined to only one of these elements, and the defendant in such a suit be foreclosed from showing that while the rate per hour was reasonable a wholly unreasonable and unjustifiable time was consumed in performing the work. Just as great an injustice could be produced by one performing labor in unduly extending the time beyond a reasonable period for the performance of a certain task as in charging an exhorbitant price per hour for a reasonable number of hours.

We find the court committed prejudicial error in excluding the evidence tendered by plaintiff in error.

One other assignment of error we consider worthy of mention. The court during the charge asked: "Has any one of the jury a pencil?" The record does not show whether the jurors had pencils or that they used them in taking notes. It is claimed that the jurors did take notes and that they took these notes with them to the jury room. We are cited to a quotation from "Thompson on 'Trials'," 2nd Ed., p. 1868, where it is stated:

"* * * in the absence of statutes allowing jurors to take notes * * * for a juror to presume to do this is regarded by some courts as **misconduct**, for which a new trial ought to be granted. The conception which supports this view is that jurors must **"register the evidence on the tablets of their memory."**

It is urged that the notes might be taken incorrectly and thus improperly influence the jurors in their deliberations. Certainly there would be as great danger of error upon the "tablets of their memory" as upon the tablets in their hands. In the days when fewer men could read or write it might have been possible for one who could do so to use these abilities improperly. Today it is hardly likely that such a state of affairs would exist. While the stability of rule and precedent is desirable it is not so important as to require inflexibility in the presence of changed conditions indicating the necessity or at least reason for adaptation to modern conveniences and practices adopted by men in the conduct of the ordinary affairs of life.

We find no prejudicial error in the remark of the court, even if followed by appropriate action stated by the plaintiff in error.

However, we hold the judgment must be reversed, for the reason heretofore mentioned, and the cause will be remanded for a new trial. We find no other prejudicial error.

CUSHING and HAMILTON, JJ, concur.