## KENT v KENT

Municipal Court of Cleveland

Decided July 5, 1938

Frank A. Green, Cleveland, for defendant.
Marston G. Bergman, of Bartholomew Leeper & Griswold, Cleveland, for plaintiff.

## OPINION

By DRUCKER, J.

The plaintiff filed an action in forcible entry alleging that the defendant was unlawfully and forcibly detaining possession of her property from plaintiff.

Defendant filed an answer and cross-petition in which he denies the unlawful detention, and says further that

1. On or about September 12, 1936, plaintiff's premises were vacant, in a run-down condition, in need of repairs to make it rentable;

2. That the plaintiff verbally proposed to the defendant that he move into and occupy the suite for the balance of his life on the condition that defendant devote his time in part to improving and repairing the premises;

3. To rent the upper suite, and pay plaintiff $20.00 per month for the whole house;

4. That the defendant moved into the premises on the said date and has fully complied with all the terms and the conditions of his use and occupation of said premises;

5. That the plaintiff has broken said agreement and that thereby the defendant

has a legal and equitable estate in said premises.

The plaintiff contends that defendant has introduced an equitable defense and that by reason thereof the Municipal Court has no jurisdiction.

The jurisdiction of the Municipal Court is established in §1579-1 et seq. GC. The mere fact that the Municipal Cou t is given the same jurisdiction as the Justice of the Peace cannot, in and of itself, be construed as a limitation or a restriction upon the jurisdiction of the Municipal ▉▉▉▉▉▉▉ ▉ Court. The legislature, having conferred such jurisdiction upon the Municipal Court, rather amplifies, increases and broadens the limitations of its jurisdiction beyond that and inclusive of that which was exercised by the Justice of the Peace. 29 O. Jur. 13 para. 7; Soul v Lockhart, 119 Oh St 393; Slansky v Gaughan, 23 O. C. C. (N.S.) 494; 19 O. Jur. 175, Para. 2.

It had been held that the action of forcible detainer was strictly a legal remedy in which the aid of equity could not be invoked. It was an action of a solely possessory nature and would not lie in cases where titles controverted. Aubrey v Almy, 4 Oh St 524.

In the case of State ex Morgan v Stevenson, 39 Oh Ap 335, 117 N. E. 247, the court held that the extent to which title may be drawn into the question in an action in forcible detainer, is one of some difficulty. If an adjudication as to the title is necessary, then the Justice of the Peace has no jurisdiction. Where it affirmatively appears from the bill of complaint that the defendant entered into possession of the premises under a land contract with the plaintiff, which he seeks to have declared forfeited, the Justice of the Peace has no jurisdiction. In such a case the equitable interests which arise by reason of the land contracts would have to be determined by a court of competent jurisdiction.

Subsequently in State ex Kennelly v Miller, 43 Oh Ap 193, 183 NE 41, a distinction was sharply drawn and it was held that where the land contract had a clause providing for possession by the vendor upon the default of the purchaser, that the Columbus Municipal Court had jurisdiction of a forcible detainer action brought against the defaulting purchaser. Martin v Bircher, 46 Oh Ap 239, 188 N. E. 365; Scott v Wasson, 2 O. D. R. 460, 19 O. Jur. 178, Para. 4; Baughman v Bounds, 29 N. P. (N.S.) 544; Webber v Devitt, 6 Abs 653; Poulos v Toledo Labor Building Co, 22 Oh Ap 426.

The same theory was well expounded in the case of McGarvey v Puckett, 27 Oh St 669, where the court held that the Justices of the Peace had jurisdiction to entertain an action in forcible entry where the tenant sold liquor in violation of the law and that it was not necessary that a forfeiture should have been first declared by a court of superior jurisdiction.

It is the opinion of this court that the Municipal Court of Cleveland has jurisdiction to determine whether or ▉▉▉▉▉▉ ▉ not there is a valid and binding lease. If there is such a lease, validly executed and in force and containing no forfeiture clause, then, the court without surrendering its jurisdiction must find the defendant not guilty and remit the plaintiff to a court with general chancery powers to cancel ▉▉▉▉▉▉ ▉ the lease and thus obtain possession of the premises.

Similarly the court is of the opinion that if the lease or the lease contract contains a forfeiture clause, and the court finds that there has been a forfeiture by virtue of violation of the terms of the lease, then the court has jurisdiction to give possession of the premises to the plaintiff.

In the case at Bar the question arose whether or not the oral lease claimed by the defendant is a valid and binding lease. The court must determine first whether there was such an agreement for a lease, and if so, whether or not there was such part performance as to take the oral lease out of the operation of the Statute of Frauds.

The defendant cannot set up an equitable title as a defense, and evidence as to an equitable title is inadmissible, but it has been held that a Justice of the Peace may receive evidence of the facts which will take the case out of the Satute of Frauds in establishing a claim of an oral lease. 19 O. Jur. 192, Para. 23; Kane v Domenick, 21 O. C. C. (N.S.) 500; Fields v Ingalls Bldg. Co, 21 N. P. (N.S.) 149.

In Roos v John Shilloto, 52 Oh Ap 262, 6 OO 333, 3 N. E. (2nd) 666, the court took the view that possession of premises to take oral lease out of the operation of the Statute of Frauds must be connected with and in consequence of the oral lease and that the acts relied upon to take the case out of the statute, on the theory of part performance, must be unequivocal.

This court is of the opinion that consonant with the rule laid down in the La-Pounty v Brumback case, 126 Oh St 96, part performance may be pleaded in an action at

law and this court may hear evidence to determine whether or not the alleged oral lease is taken out of the operation of the Statute of Frauds by part performance on the part of the defendant.

If there is such part performance and the court finds that the lease is in full force and effect, the court must, since there is no forfeiture clause, find the defendant not guilty. However, if the court finds that the lease is too indefinite and uncertain to be enforced or if the lease has been terminated by the lessor in pursuance of a forfeiture clause, then, plaintiff will be entitled to possession.