**CORBIN, Plaintiff-Appellant v. CLEVELAND (City), Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19269.   Decided October 25, 1943.

290

Mr. R. C. Spencer, Cleveland, for plaintiff-appellant.

Thomas A. Burke, Jr., law director, Cleveland, and Kent Myers, asst. law director, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This case comes to this court by appeal on questions of law from the Court of Common Pleas. The plaintiff in her petition alleges that on the 11th day of May, 1940, at about 3:00 P. M. she had come out of The William Taylor Company store on to Euclid Avenue. She was proceeding west. The street was very crowded. She had come only a short distance when she claims to have stepped into a hole in the sidewalk, which caused her to fall and sustain certain injuries.

After the jury had been impanelled and sworn, the court gave each juror an envelope in which was contained a few sheets of blank paper. The court explained to the jury that he was going to permit them to take notes, if they so desired, dur-

ing the progress of the trial. The court directed the jurors to seal whatever notes they made in the envelope, write their names over the seal and leave the envelope in the custody of the Court upon adjournment, the notes to be returned to the jurors when the Court should re-convene. The jury was further instructed that when they returned their verdict, the notes were to be collected by the Court and destroyed in the presence of the jurors.

The trial resulted in a verdict for the defendant.

The plaintiff claims: (1) that the court erred in suggesting to the jury that they could take notes during the progress of the trial, if they wanted to do so, and in furnishing the material for that purpose; (2), that the verdict is contrary to law and against the weight of the evidence; (3), that the court erred in the admission of evidence;. (4) that the court erred in giving certain special instructions to the jury before argument at defendant's request; (5) that the court erred in its general charge to the jury; (6), that the court erred in its general charge; (7) that the court erred in overruling the appellant's motion for new trial.

The court's conduct in furnishing materials to the jury for the taking of notes and suggesting to the jury that they are permitted to take notes of the evidence, if they should so desire, to assist them when deliberating upon their verdict and prescribing the rules which they should follow if they did take notes of the evidence, presents a rather unique question. What case law there is upon the subject deals with the question of where the juror, without the suggestion of the court and in most instances without the court knowing about it, takes notes of the evidence during the course of the trial.

In **39 Ohio Jurisprudence 1062, ¶337**, there is an attempt to state the rule as laid down by the cases, as follows:

"In Ohio it seems to be proper, or at least permissible, for jurors to take notes during the court's charge or during the testimony and take these notes to the jury room, although some courts, in the absence of a statute, seem to regard it as misconduct for a juror to presume to do this."

The latter part of this quotation is based on a statement of the rule in Thompson on Trials, 2nd Edition, Volume 2, ¶2585, page 1868:

"If a judge or referee were to try a cause without notes of the testimony, he would justly be regarded as derelict in the

discharge of his duties; but, in the absence of statutes allowing jurors to take notes of the testimony, which, as hereafter seen, exist in some jurisdictions, for a juror to presume to do this is regarded by some courts as misconduct for which a new trial ought to be granted. The conception which supports this view is, that the jurors must 'register the evidence on the tablets of their memory' provided they are able to do so; and it is to be observed that in the jurisdiction where the rule is laid down, it is also a rule that the jurors are not to take the written evidence with them. But, in order to make the fact available as ground for a new trial that a juror took notes of the evidence and read them in the jury room, no objection having been made in court, it must appear that not only the defendant but his counsel was not aware that the jurors took the notes; and in the absence of a showing to the contrary, it will be presumed that they knew it and consented to it. Nor is the act of a juror in taking notes of the evidence as it is given, misconduct sufficient to set aside the verdict, where he, upon being admonished by the court of the impropriety of his act, ceases taking his notes."

Long v State, 95 Ind. 481.
Cheeks v State, 35 Ind. 492-495.
Cowles v Hayes, 71 N. C. 230, at page 231, 66 N. C. 604.
Tift v Downs, 63 Ga. 237.
Lilly v Griffin, 71 Ga. 535.

The courts of Ohio have not passed directly on the question as presented in the instant case, where the court took the initiative in suggesting that the jury could take notes of the testimony, even going to the extent of furnishing the necessary material to carry out the suggestion. But, as indicated by the citation in **Ohio Jurisprudence,** the courts have had presented to them the question as to whether or not it is misconduct, sufficient to require the reversal of a case, where a juror has during the course of the trial, taken notes. The rule to be found from the decisions is that occasional note-taking by the jurors is not, under ordinary circumstances, such misconduct as would justify a reversal of the cause.

In the case of The W. H. Davis Die Company v The Beltzhoover Electric Co., 40 App. Rep. 308, where the court during the course of the charge, asked: "Has any one of the jury a pencil?" the record did not disclose whether the jurors had pencils or not, and if so, whether notes were taken or not, but it was claimed by counsel that notes were taken of the

charge and that such notes were taken by the jurors to the jury room. On page 311 of the opinion, after quoting a part of the paragraph in Thompson on Trials, supra, the court said:

"It is urged that the notes might be taken incorrectly and thus improperly influence the jurors in their deliberations. Certainly there would be as great danger of error upon the 'tablets of their memory' as upon the tablets in their hands. In the days when fewer men could read and write it might have been possible for one who could do so to use these abilities improperly. Today it is hardly likely that such a state of affairs would exist. While the stability of rule and precedent is desirable it is not so important as to require inflexibility in the presence of changed conditions, indicating the necessity or at least reason for adaptation to modern conveniences and practices adopted by men in the conduct of the ordinary affairs of life.

We find no prejudicial error in the remark of the court, even if followed by appropriate action stated by the plaintiff in error."

In the case of **B. H. Palmer & Sons v Charles Cowie, 7 C. C. (N. S.) 47**, at page 53, the court noticed, during the course of the trial, that a juror was taking notes of the testimony, whereupon the court said:

"I notice, gentlemen of the jury, that some of you have been taking notes of the testimony. The theory of the law is that unless you all take notes of the testimony, none of you should, so that some of the testimony will not be unduly emphasized in the jury room, and I will ask you to discontinue that."

The record further discloses that one of the lawyers in the case filed an affidavit in which he stated that during the trial he observed a juror taking notes. There is nothing in the record of the case, however, to indicate whether the instructions of the court not to take notes was thereafter observed or whether or not the notes which were taken were destroyed or taken to the jury room upon submission of the case. The court in concluding that such conduct was not misconduct sufficient to warrant the trial court to grant a new trial, said:

"Judge Adams in the 20th Circuit Court Reports, page 512, in the case of The C. C. C. & St. Louis Railroad Co. v Ullom,

294

Admrx. (what he said appears on page 522 of the Report) expresses grave doubt as to whether a juror is guilty of misconduct by taking notes. Speaking for myself, alone, I entertain no grave doubt about it. Unless a juror is cautioned not to take notes I know of no rule nor can I think of any principle that would make it misconduct on the part of a juror to take notes any more than on the part of a judge before whom a trial upon facts is being heard, and especially where there are several judges."

"It is true that a juror might, by taking notes, have more information about the case in the jury room than a juror who did not take notes. It is equally true that there is a great difference in the intelligence of jurors. It is true that there is a difference in the memory, power of memory, of the jurors and judges and it is possible that it gives one juror an undue influence with his fellow jurors; but certainly until a caution is given it would seem to me a very remarkable thing that a juror should be said to be guilty of misconduct because he took down some notes of the evidence that was being introduced. There was no error in the court refusing the motion for a new trial upon that ground—misconduct of the jury in taking notes."

This subject is dealt with in 64 Corpus Juris at page 1012 and 1013 under the title "Trial" ¶789. The rule is stated as follows:

"If they do not thereby consume too much time, it is not improper for the jury to take notes of what is said or occurs during the trial, or to make, with permission of the court, memoranda of the articles in suit and the value placed thereon by the evidence. Counsel have no absolute right to have the jury take notes at his dictation and the trial court in its discretion may refuse to allow this to be done."

This statement of the rule is founded upon the case of Lilly, Admrx. v Griffin, 71 Ga. 535, at page 540, where the court held:

"The practice of allowing the jury to take notes of calculations submitted by either of the litigants or of what is "said" or "claimed" by either in argument is no longer an open question in this court. In Tift v Downs, 63 Ga. 237, 242, the point was ruled on directly. Bleckley, J., delivering the opinion of the court, said: 'It was not error to abstain from pre-

venting one of the jurors from taking notes of what the plaintiff's counsel claimed, though the notes were taken at the request of the counsel during the argument, and while he read from a calculation which he had prepared. Of course this practice would be inadmissible if attended with delay or undue consumption of time. * * * There is no power to compel any juror to comply with such request and the counsel of either party is free to make it.' "

In the case of Cheeks v State, 35 Ind. 492, which is cited as supporting the doctrine that it is misconduct for jurors to take notes, the court had instructed two jurors who had been observed taking notes "not to do so" but the jurors in spite of the direct instruction of the court continued to take notes and took them with them to the jury room. The court held, on page 494-5 of the opinion:

"This disobedience of the order of the court was a gross violation of and contempt for the authority of the court and was misconduct for which the jurors might have been severely punished, and of itself would entitle the defendant to a new trial. It was well calculated to divert the attention of the jurors while they were busy, pencil or pen in hand, from the evidence, as it would naturally be progressing while such notes were being made. The juror is to register the evidence as it is given, on the tablets of his memory and not otherwise. Then the faculty of the memory is made, so far as the jury is concerned, the sole depository of all the evidence that may be given; unless a different course be consented to by the parties or the court * * *. The jury should not be allowed to take the evidence with them to their jury room, except in their memory. It can make no difference whether the notes are written by a juror or by someone else. Jurors would be too apt to rely on what might be imperfectly written and thus make the case turn on a part only of the facts."

See also:

United States v Davis, 103 F. 457 at page 470.
Chicago & Northwestern Railroad Co. v Kelly, 84 Fed. 2d. 569, page 576.
Miller v Commonwealth, 175 Ky. 241 at page 245.
Commonwealth v Tucker, 189 Mass., 457.

It will be seen from the foregoing authorities that while the taking of notes of the evidence by the jury is not looked

upon as good practice by the majority of the courts of last resort, yet, where a juror his done so openly and under such circumstances that counsel must have been cognizant that notes were being taken, and no objection was interposed or a request made that the juror be instructed not to take notes, error could not be claimed when the trial court has refused to grant a new trial because notes were taken.

The courts that find no misconduct on the part of a juror taking notes, do so on the theory that by so doing the juror preserves for his better consideration testimony that might otherwise be overlooked during the deliberation of the jury. This is said to be particularly true where the cases are long and involved. On the other hand, the courts that held that note taking constitutes misconduct, do so on the theory that the taking of notes might tend to distract the juror's mind from the evidence, which is being presented, while the juror is busy with his notes. Unless the trial is delayed to afford time to make notes, such objection seems sound.

It is suggested that courts universally take notes when trying a case, without the intervention of a jury. This is true. But the judge having studied the pleadings and noted the issues, is in a much better position to take notes than the jurors who, except for the opening statements, are not told what the issues will be until all of the evidence has been received. Then too, the judge can request the witness to stop while the court records what has gone on before. But if any such practice should be indulged in at the request of twelve jurors there would be an endless delay and trial lawyers frequently put to untold disadvantage in conducting his cross-examination.

Not intending to modify the rule as set forth in the case of Davis Die Company v Bellzhoover Electric Company, supra, and the earlier Ohio cases that find that there is no prejudicial error in permitting a juror at his own discretion to take an occasional note, and that when his conduct is discovered or observed it is within the discretion of the court whether he should be directed to stop or be permitted to continue, yet, where the court without request of either of the litigants and in fact over their objections, as in the instant case, suggests to the jurors that they may take notes and furnishes to each juror, without such juror's request the necessary materials for taking notes, together with instructions as to how they shall be kept during the trial, the court goes far beyond what is commonly accepted as good trial procedure even in those jurisdictions where the right of jurors to take notes is

fully recognized. Such conduct on the part of the court could easily be interpreted by the jurors as indicating that it is a part of their duty as jurors to take notes even though their personal aptitudes would disqualify them from attempting to try a case in that fashion.

If trial procedure is to be changed to the extent as was done in this case, such change should be made by the legislature and not by the courts.

We find that appellant's claims of error in that the verdict is contrary to law and against the weight of the evidence and that the court erred in the admission of evidence, is without foundation and such claims are therefore dismissed.

Coming now to the court's charge. The appellant in her assignment of error has included a claim of prejudicial error with regard to special charges given by the court before argument. However, the plaintiff has failed to mention this assignment of error in her brief, and we will therefore assume that such claim has been abandoned.

The law of Ohio relative to the duty of a municipal corporation as to the care of the public streets and highways is controlled by statute, §3714 GC, which provides as follows:

"**Sec. 3714:** Council to have care, supervision and control: Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The Council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts and viaducts, within the corporation and shall cause them to be kept open, in repair and free from nuisance."

It is perfectly clear that a violation of the duty imposed by this statute sounds in nuisance and not in negligence. A nuisance signifies anything that causes hurt, inconvenience, annoyance or damage, while negligence is the failure to exercise ordinary care. These two terms are not synonymous. In **Selden v City of Cuyahoga Falls, 132 Oh St 223,** the third paragraph of the syllabus provides:

"The term 'nuisance' is not synonymous with negligence and does not necessarily rest upon the degree of care used, although a nuisance may be and frequently is the consequence of a negligent act."

In six different places the charge of the court, in the instant case, referred to the duty of the plaintiff to show that the defendant was "negligent in one or more of the ways claimed" in her petition, by the proper degree of proof before she would be entitled to a verdict. There is no duty on the part of the plaintiff to show, by any degree of proof, that the hole in the sidewalk was the result of any negligence on the part of the defendant. If there was, in fact, a hole in the sidewalk of such magnitude that it was capable of causing hurt, inconvenience, annoyance or damage to sidewalk users, then a nuisance did in fact exist, no matter what the conduct of the city had been with regard to it. And, if the city through its proper agents, knew that such hole was there a sufficient length of time prior to the claimed accident so that by the use of due diligence repairs could have been made or the public protected from the danger thereof, or, if such hole was there for such a length of time that by the exercise of due diligence it could be said that the city should have known thereof in time to, by the exercise of due diligence, make the necessary repairs or protect the public from the danger thereof, before the time when it is claimed the appellant was injured, then, and in that event liability could be established against the city for any damage sustained as a proximate result of such nuisance if the claimant was, under the circumstances, in the exercise of ordinary care for her own safety.

The court's charge placed a far greater burden upon the plaintiff than would be required under the rule as just stated. In this regard, therefore, the rights of the plaintiff were materially prejudiced.

One other part of the charge must be considered. The court charged the jury in part as follows:

"Referring once again to what I said at the ouset, the plaintiff to make a case must prove negligence in one or more respects by the preponderance of the evidence. She must show that while she was in the exercise of ordinary care for her own safety, she was injured as a proximate result of the negligence of the defendant in one or more respects as set forth in her petition."

There is no duty on the part of the plaintiff to show by a preponderance of the evidence that she was in the exercise of ordinary care for her own safety before she is entitled to recover.

The court, in another part of the charge, just preceding this paragraph, correctly stated the rule but does not correct the damage.

In the case of **Industrial Commission v Repke, 129 Oh St 649,** 2nd syllabus, the court stated:

"Where a court states a correct rule, and in another portion of the charge states an incorrect rule upon the same subject, and nothing further is stated to indicate to the jury which rule is to be followed, no presumption arises that they have followed the correct rule, and the error will therefore be deemed to be prejudicial."

See also: Bookstamm v Christian, 53 Appellate Rep. 384.

For the reasons, therefore, first of the manner in which the jury was addressed by the court as to taking notes, and second because of error in the charge of the court upon the law in the particulars as herein set forth, the judgment of the common pleas court is reversed and the cause is remanded for further proceedings according to law.

MORGAN, P. J., LIEGHLEY, J., concur.