By the Court.
 

 The judgment of the Court of Common Pleas was reversed by the Court of Appeals for several reasons.
 

 One of them is based upon the following statement made by the trial court immediately after the jury was impaneled and sworn:
 

 “Before going forward with the opening statements I wish to do something here and each side, if they desire, can note an exception to what the court is about to do. I have felt for a long time that the jurors ought to be permitted to take notes if they desire to do so. I am going to permit the jurors to take notes. I had the matter up, investigated the law, and I have had the approval of the Judicial Council of the State Bar and I am handing each juror an envelope with some blank paper inside. If any juror wants to write down a note or two as the lawyers talk, he has the right to do so. At the end of the day I want the jurors to seal up their own envelopes, write the name across the sealed part and hand them to the court. I don’t want these envelopes to get out. In the morning I will return each envelope to the juror unopened and the jurors can take these notes into their jury room if they wish and after
 
 *34
 
 .the case is finished, the notes have to be destroyed. Nobody will see your notes. So I hand one of these to each of the jurors and either side may take an exception, if they desire to do so, to the court’s ruling in that regard. I believe it is a progressive step forward to let the jurors know what the proceedings are about. You have to furnish your own paper. * * *
 

 “You do not have to take notes unless you wish to, but if you do you can take whatever notes you can, seal them up so nobody sees your notes and in the morning you will be handed back your envelope. At the concilia sion of the case you will return your notes to me and they will be destroyed in your presence.”
 

 Inasmuch as this court has not spoken on this matter, the Court of Appeals in its opinion referred to numerous cases decided by the courts of other states and then made the following accurate and helpful summary :
 

 “It will be seen from the foregoing authorities that while the taking of notes of the evidence by the jury is not looked upon as good practice by the majority of the courts of last resort, yet, where a juror has done so openly and under such circumstances that counsel must have been cognizant that notes were being taken, and no objection was interposed or a request made that the juror be instructed not to take notes, error could not be claimed when the trial court has refused to grant a new trial because notes were taken.
 

 ‘
 
 ‘ The courts that find no misconduct on the part of a juror taking notes, do so on the theory that by so doing the juror preserves for his better consideration, testimony that might otherwise be overlooked during-the deliberation of the jury. This is said to be particularly true where' the cases are long and involved.On the other hand, the courts that held that note taking constitutes misconduct, do so on the theory that the taking of notes might tend to distract the juror’s mixxd
 
 *35
 
 from the evidence, which is being presented, while the juror is-busy with his notes. Unless the trial is delayed to afford time to make notes, such objection seems sound.
 

 “It is suggested that courts universally take notes when trying a case, without the intervention of a jury. This is true. But the judge having studied the pleadings and noted the issues, is in a much better position to take notes than the jurors who, except for the opening statements, are not told what the issues will be until all of the evidence has been received. Then too, the judge can request the witness to stop while the court records what has gone on before. But if any such practice should be indulged in at the request of twelve jurors there would he an endless delay and trial lawyers frequently put to untold disadvantage in conducting his cross examination.
 

 ;):“Not intending to modify the rule as set forth in the * * * earlier Ohio cases that find that there is no prejudicial error in permitting a juror at his own discretion to take an occasional note, and that when his conduct is discovered or observed it is within ,the discretion of the court whether he should be directed to stop or be permitted to continue, yet, wher.e-.the court without the request of either of the litigants and in fact over their objections, as in the instant case, suggests to the jurors that they may take notes and furnishes to each juror, without such juror’s request, the necessary materials for taking notes, together-with instructions as to how they shall be kept during the trial, the court goes far beyond what is commonly' accepted as good trial procedure even in those jurisdictions where the right of jurors to take notes is fully recognized. Such conduct on the part of the court could easily be interpreted by the jurors as indicating that it is a part of their duty as jurors to take notes even
 
 *36
 
 though their personal aptitudes would disqualify them from attempting to try a case in that fashion. ’ ’
 

 This court approves this conclusion and is of the opinion that the action of the trial court was prejudicially erroneous.
 

 A second ground upon which the Court of Appeals based its reversal was the fact that the trial court charged the jury as follows:
 

 “Referring once again to what I said at the outset, the plaintiff to make a case must prove negligence in one or more respects by the preponderance of the evidence. She must show that while she was in the exercise of ordinary care for her own safety she was injured as a proximate result of the negligence of the defendant in one or more respects as set forth in her petition. ’ ’
 

 Inasmuch as a majority of this court in the case of
 
 Taylor
 
 v.
 
 City of Cincinnati,
 
 143 Ohio St., 426, has held that negligence is the basis of a qualified nuisance, it would seein proper that the trial court charged the jury with reference to negligence. However, it was palpable error to place upon the plaintiff the burden to show that she was free from contributory negligence.
 

 The Court of Appeals was correct in granting the plaintiff a retrial.
 

 Judgment affirmed.
 

 Weygándt, C. J., Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.