**FIRST FEDERAL SAVINGS & LOAN ASSN., etc., Appellee, v. WILLIAMS, Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 3906. Decided November 28, 1947.

# 518

Foust & Holden, Akron, for appellee.
Gottwald, Hershey & Hatch, Akron, for appellant.

## OPINION

By HUNSICKER, J.

On July 22, 1947, The First Federal Savings & Loan Association of Akron, Ohio, as plaintiff (appellee in this court), filed an action in forcible entry and detainer in the Municipal Court of Akron to recover possession of premises leased to Frank R. Williams, defendant in that court (appellant in this court). The trial, to a jury, resulted in a verdict and judgment thereon for First Federal Savings & Loan Assn., the lessor. The Common Pleas Court of Summit County, in an appeal on questions of law, affirmed the judgment of the Municipal Court, from which judgment of affirmance this appeal on questions of law has been taken.

· The plaintiff (appellee), as lessor, and defendant (appellant), as lessee, entered into a written lease on October 29, 1943, to begin December 1, 1943, and end November 30, 1946. The lease contained an option by lessee "to extend the term of this lease for a term of two years from the termination thereof upon such terms and conditions as the parties hereto shall mutually agree, provided always that it is also understood and agreed by the parties hereto that if the party of the first part (the lessor) should at any time during the said extended period of two years desire to · use and occupy the said premises for its own purposes then this lease can be terminated at the option of the party of the first part by giving the party of the second part (the lessee) a sixty-day written notice to so terminate the lease and vacate the premises."

Notice to vacate the premises was given as required by the terms of the written lease, and the statutory three-day notice was served on the defendant-lessee. When the defendant failed to vacate, the forcible entry and detainer action was filed.

The defendant assigns as error the following: The court lacked jurisdiction because the Common Pleas Court had first acquired jurisdiction; the overruling of his motion for a directed verdict at the conclusion of appellee's case; misconduct of the court in the presence of the jury, and misconduct of the jury; the admission and rejection of evidence; the charge of the court to the jury; the verdict is contrary to law and against the manifest weight of the evidence.

The first summons served in the forcible entry and detainer action described the wrong premises, and, upon motion of the defendant, Frank R. Williams, such summons was quashed. Before proper service was obtained, Frank R. Williams commenced an action in the Common Pleas Court of Summit County against the appellee herein and others, to enjoin them from "interfering with his peaceful use and occupancy of the premises." A motion objecting to the Municipal Court proceeding with the trial because of lack of jurisdiction was overruled.

Complaint is here made that, by the commencement of the action in the Common Pleas Court, the Municipal Court was without jurisdiction to proceed in the action in forcible entry and detainer.

The forcible entry and detainer action was for possession only, the injunction action could not have awarded possession. The former action is at law, the latter in equity.

Where the causes of action are not the same, the action for injunction which was first commenced does not prevent the Municipal Court from proceeding with the forcible entry and detainer case commenced later.

**State, ex rel. Maxwell, Pros. Atty., v. Schneider, et al., 103 Oh St 492.**

Gladwell v. Hume, et al., 9 O. C. D. 767, 18 O. C. C. 845.

**State, ex rel. Stewart, v. Miller, Judge, 14 Abs 627.**

**Raab, et al., v. Guest, 48 Abs. 29.**

The record shows that one of the jurors during the trial was writing on a piece of paper. This conduct, unexplained, does not furnish the basis for a proper claim of prejudicial error.

**Corbin v. City of Cleveland, 74 Oh Ap 199, at p. 202.**

The testimony shows that the plaintiff-lessor intends to raze the building and erect a new structure on the land. The lessee-appellant says that the phrase "to use and occupy the said premises for its own purpose" limits the lessor's right to repossess the property except for the purpose of occupying the building now on the land.

We do not believe this is a valid argument. The Oxford English Dictionary says that "premises" means "5. A house or building with its grounds or other appurtenances"; that "purpose" means "1. * * * the object which one has in view"; and that "use" means "7. * * * to employ for a certain end or purpose."

The phrase set out above is broad enough to include the demolition of the lessee's building and the erection on the land of a new building, a part of which the lessor will occupy.

Before the expiration of the three-year lease, conversations were had concerning rental payments for the new term, to begin at the expiration of the term provided for in the written lease. The defendant sought to show that, during the conversations concerning increased rental payments, a new oral lease had been entered into for a two-year period. The plaintiff claimed that all conditions of the written lease obtained except the amount of rental; defendant asserted that he was to be permitted to occupy free from interference or necessity to surrender before the expiration of two full years.

The court below refused to permit the introduction of any testimony by the lessee bearing on this question of an oral arrangement to remain in the premises. Proffer of such testimony was then made by lessee.

In the consideration of these claimed errors concerning the admission and rejection of evidence, we are met with the question, determinative in this appeal: Can a lessee in possession under a prior existing written lease, enter into a parol lease for an additional tenancy of two years?

One of our statutes of frauds (§8620 GC) says:

"No lease, estate or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned, or granted except by deed, or note in writing, signed by the party so assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law."

The doctrine of part performance has been held sufficient to take an oral contract of lease out of the operation of the statute of frauds. In the instant case, possession of the lessee is referable to the existing written contract of lease, which contained an option of renewal for two years, subject to lessor's right to repossess upon notice. Lessee says that

he entered into a new oral lease for two years without a provision to repossess, to all of which the lessor acquiesced.

In many of the states, the courts consider a continuance of possession under a prior existing contract of lease as referable to such lease and not to a new oral lease, and hence not such a part performance as will take the oral contract of lease out of the operation of the statute of frauds. 125 A. L. R. 1468, and cases there cited. This was the early rule in Ohio, as announced in **Armstrong v. Kattenhorn, 11 O. 265.** Thereafter Ohio relaxed this rule, and in the case of **Buschman Co. v. Garfield Realty Co., 97 Oh St 54, at p. 58,** the court said:

"The parol agreement was claimed to have been made at a time when plaintiff in error was in possession of the premises under a written lease. It is true that the landlord and tenant while the latter was in possession of the premises in question could have made a parol agreement before the expiration of the written lease for a tenancy of eight months to continue from and after the original term. But before such an agreement could have been binding the landlord at the expiration of the term of the written lease must have acquiesced in the continued possession of the tenant in pursuance of the oral agreement. **Bumiller v. Walker, 95 Oh St, 344.**"

See also:

Haggerty v. Maley, 32 O. C. A. 505.

**Milano v. Merchant, 70 Oh Ap 142.**

**Desure v. Mitchell, No. 1426,** Summit County Court of Appeals (unreported), decided June 28, 1928. **(6 Abs 512.)**

The court below should have received testimony bearing on the question of a new oral agreement of lease, as well as evidence of the tenant's occupancy under such claimed new oral lease, and testimony of the lessor's acquiescence in such occupancy. Buschman Co. v. Garfield Realty Co., supra.

The failure of the court to admit such testimony constituted error prejudicial to the rights of the appellant.

It is further claimed that the charge of the court was prejudicially erroneous. Pertinent parts of such charge on the subject of oral lease are as follows:

"The jury observed considerable argument and discussion among counsel and the court, some of it in the presence of the jury and some in the absence of the jury, regarding the law which would govern the admission of testimony in this case. This clause provides that the lease may be extended for a period of two years upon such terms and conditions as the parties hereto shall mutually agree, and the court permitted testimony as to those terms and conditions. There was testimony as to a change in the amount of rent to be paid, and in that conversation there was also some testimony regarding—there was also some testimony regarding that conversation which had to do with the extension of the term of the lease. I charge you that if any conversation was had which conflicted with the written terms of the lease it is not to be considered by you unless you find that that amounted to an entire abrogation of the lease and the making of a new oral lease. The other testimony was admitted because as the court remarked at the time it was difficult to distinguish between the proper testimony regarding the amount of rent which I think clearly comes under the usage of the words 'terms and conditions' and that which had to do with the extension of the lease."

It is apparent from the language used that the trial court failed to submit to the jury one of the vital issues in the case —upon which the evidence would have been in dispute— except for the fact that the court erroneously excluded the lessee's testimony upon the subject of an oral contract of lease.

We cannot, as a Court of Appeals, pass upon the credibility of the witnesses who might testify upon the subject of a claimed agreement as asserted by appellant-lessee. The credibility of the witnesses is solely within the province of the jury, when properly submitted to them under the evidence and the law.

In this case it is our conclusion that the evidence refused admission by the trial court was of such a character as to require its submission to the jury under proper instructions.

We have examined all other claimed errors, and find none prejudicial to the rights of the appellant.

The judgment is reversed and the cause remanded for further proceedings according to law.

DOYLE, PJ, and STEVENS, J, concur.

ON APPLICATION OF APPELLEE FOR A REHEARING

No. 3906.   Decided December 17, 1947.

Foust & Holden, Akron, for the application.
Gottwald, Hershey & Hatch, Akron, for contra.

## OPINION

By HUNSICKER, J.

Appellee in its application for a rehearing of this case, asserts that the defense of new oral lease is equitable in its nature, and hence not permissible as a defense in an action in forcible entry and detainer, an action at law, in the Municipal Court of Akron.

The fifth syllabus in **Kling, Admr., v. Bordner, 65 Oh St 86,** has been extended by express declaration in **Hodges v. Ettinger, 127 Oh St 460, at p. 467,** the syllabus of which case is as follows:

"The doctrine of part performance can be invoked, to take a case out of the statute of frauds in Ohio only in cases involving the sale or leasing of real estate, wherein there has been a delivery of possession of the real estate in question, and in settlements made upon consideration of marriage, followed by actual marriage.  Such doctrine of part performance has no place in the law governing contracts for personal services.  (The cases of **La Bounty v. Brumback et al., 126 Oh St, 96,** and **Kling, Admr., etc., v. Bordner, 65 Oh St, 86,** distinguished.)"

An analysis of the Hodges v. Ettinger case, supra, may be found in 8 Cincinnati Law Review 190.

In the instant case it is to be remembered that the trial court refused to permit the introduction of any evidence as to the claim of fact that there was a new oral agreement of lease entered into.  There was no attempt on the part of appellant herein to invoke the equity power of the Municipal Court to declare specific performance of a contract to make a lease.  Testimony was offered tending to prove that in fact a new oral lease had been made, that defendant held the premises thereunder, and that, by reason thereof, he was not guilty of the claimed holding over.

In the case of Utzinger Co. v. Schroyer, 67 N. E. (2d) 871, relied upon by appellee in this application, an attempt was

made on the part of the lessee to set up a defense of an oral agreement to negotiate a new lease. In that case the opinion of the court states that the claimed oral contract of the lessee, Utzinger, "was set up defensively, considered and determined in that court" and resolved against the lessee.

In the case of Breuer v. Berold, 9 C. C. (N. S.) 350, the action was brought by the tenant out of possession, claiming damages for breach of a claimed oral lease, and the court held that "His right of action depended upon part performance of the contract, the doctrine of which obtains in equity only, and does not avail to render a contract, which is void by the statute because unwritten or unsigned, capable of being sued on in a court of law."

The case of **Ossage v. Foley, et al., 20 Oh Ap 16,** was similar to the Breuer v. Berold case, supra, in that the action was brought by the lessee, claiming damages for failure to execute a lease of lands pursuant to an oral agreement to make such a lease.

The evidence sought to be introduced in the case before us is a matter of defense, and not a request for equitable relief. There is sought to be introduced, evidence of the fact that a new oral lease had been agreed upon, and that possession was continued, as well as several months' rent paid, under such new oral lease.

In the case of Kane, et al., v. Dominick, 21 C. C. (N. S.) 500, the court said.

"It is true, of course, that equity can not be administered by a justice of the peace, but it is not true that it involves the exercise of equitable jurisdiction to receive evidence of an oral lease of land for one year."

and it was there decided that a justice of the peace may receive evidence of facts which will take a case out of the operation of the statute of frauds.

See also:

Dennis v. Hanson and Weddell, Exrs., 5 C. D. 465, 12 O. C. C. 445.

**Kent v. Kent, 27 Abs. 254.**

**Artcraft Specialty Co., et al., v. Center Woodland Realty Co., 40 Oh Ap 125, at p. 129.**

The application for a rehearing is denied.

DOYLE, PJ, and STEVENS, J, concur.