LEONARD MIRESSO *v*. STATE OF INDIANA.

[No. 2-873A189.  Filed February 20, 1975.  Rehearing denied April 1, 1975.  Transfer denied May 26, 1975.]

*Harold Abrahamson, Abrahamson, Reed and Tanasijevich,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *David J. Crouse,* Prosecuting Attorney, of Lafayette, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Leonard Miresso (Mirresso) appeals from a jury conviction of Second Degree Burglary claiming violation of a discovery order, invalid instruction allowing the jury to take notes, and error in admission of certain state's exhibits.

We affirm.

## FACTS

The facts and evidence most favorable to the State are as follows:

At about 3:20 A.M. on September 18, 1971, Lafayette Police Officer Gerry Howard (Howard) was on patrol in the vicinity of C W Y Electronics in Lafayette, Indiana. Suspicious activity inside the building caused him to investigate the premises, and he subsequently apprehended Miresso after he had jumped through the window by the front door.

Inside the C W Y building, the Police found two holes by the office safe, boxes filled with tapes (cartridges, cassettes, and reels), and empty display cases. Outside the building by another broken window, Police also found several more boxes containing tapes, together with a blue jacket.

During the trial, the court permitted the jury to take notes pursuant to Preliminary Instruction #13:

> During the trial you may, if you wish, make brief notes to assist your recollection as to things which might be difficult to carry in your mind. However, you should not engage in continuous note-taking, which would hamper you in listening to the evidence and observing the witnesses as they testify.

The jury found Miresso guilty of Second Degree Burglary and the court sentenced him to imprisonment for a period of not less than two (2) nor more than five (5) years.

### ISSUE

Only one issue is preserved for appeal:

> Did the trial court err in giving Preliminary Instruction #13 allowing jurors to take handwritten notes during the trial?

Miresso contends that the trial court erred by instructing the jurors to take notes during the proceedings, and to allow the jurors to consider those notes during their deliberations.

The State argues that limited note taking by jurors is permissible to support their memories.

Miresso raises two further issues, both of which are waived. The first involves testimony by a police officer concerning a comment made by Miresso at the time of his arrest ██ . . . but no objection thereto was made at trial. Such failure constitutes waiver of this issue upon appeal. *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538; *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N.E.2d 609; *Cody* v. *State* (1973),

159 Ind. App. 125, 304 N.E.2d 820; *Worrell* v. *State* (1930), 91 Ind. App. 259, 171 N.E. 208.

Also, his Motion to Correct Errors is silent on this subject.

Miresso's second waived issue concerns certain exhibits entered into evidence by the State. Again, there was no objection at trial.

## DECISION

CONCLUSION—It is our opinion that Preliminary Instruction #13 properly instructed the jurors they might make brief notes during the proceedings.

Note taking by jurors during trial has been the subject of Indiana cases for over one hundred years. *Cheek* v. *State* (1871), 35 Ind. 492 is cited by Miresso as prohibiting note taking by jurors.

*Cheek,* however, like subsequent Indiana cases,[1] involved the circumstances in which a jury member was observed taking notes by the court and admonished to stop, and if the juror ceased the writing activity, the error has been deemed harmless. *See, Dudley* v. *State* (1970), 255 Ind. 176, 263 N.E. 2d 161; *Cluck* v. *State* (1872), 40 Ind. 263; *Batterson* v. *State* (1878), 63 Ind. 531; *Long et al.* v. *State* (1884), 95 Ind. 481.

But if a juror should continue taking notes after the court's admonishment, such misconduct has been held to entitle the defendant to a new trial. *Cheek* v. *State, supra,* and *Cluck* v. *State, supra.*

Insofar as *Cheek* might be relied on as a blanket prohibition against note taking by jurors, it no longer has any vitality. In fact, in 1970, it was criticized by Justice Arterburn in *Dudley* v. *State, supra:*

> "The primary case we find in Indiana prohibiting such practice by a juror is *Cheek* v. *State* (1871), 35 Ind. 492. . . . We are inclined to follow what common sense in everyday life tells us is true. At the same time, *we do not mean*

---

1. *Batterson* v. *State* (1878), 63 Ind. 531; *Long et al.* v. *State* (1884), 95 Ind. 481.

*to approve continuous note-taking by jurors,* which would distract from listening to the evidence. *Minor note-taking for the purpose of supporting the juror's memory, in our opinion, is reasonable and certainly should not be disapproved."* (Emphasis supplied.)

Recognizing the fallibility of memory[2] and the sometime complexities of the modern-day court room, the Court concluded juror note taking in a given case is best left in the discretion of the trial judge.[3]

"Our judgment is that *it is a discretionary matter with the court whether or not it thinks it would be reasonable for jurors to take some notes* to support their memory with reference to the complexities of any particular case. *An abuse of such discretion must be shown* to constitute error." (Emphasis supplied.) 255 Ind. at 181, 263 N.E.2d at 164.

Most authorities agree:

"Most authorities take the view that the making and use of trial notes by the jury is not misconduct but is proper and may even be desirable where it is unattended by undue consumption of time.

\* \* \*

". . . [I]t is ordinarily within the sound discretion of the trial judge whether to allow note-taking by the jury, and . . . to do so does not constitute error." 14 A.L.R.3d 831, 834-41.

*See also, Denson* v. *Stanley* (1919), 17 Ala. App. 198, 84 So. 770, rev'd on other grounds *Ex parte Stanley,* 203 Ala. 408, 84 So. 773; *People* v. *Cline* (1963), 222 Cal. App. 2d 597, 35 Cal. Rptr. 420; *Thomas* v. *State* (1892), 90 Ga. 437,

---

2.  "Memory—that strange deceiver!
    Who can trust her? How believe her—
    While she hoards with equal care
    The poor and trivial, rich and rare;
    Yet flings away, as wantonly,
    Grave fact and loveliest fantasy?"
    —Walter de la Mare

3.  The logic (or illogic) against note taking by jurors has been that their attention is diverted from testimony of the witnesses; by note taking certain features of the case may be given undue importance; mistakes by the note taker may be passed on to other jurors; the concentration of other jurors is disturbed, and the note taker may be unduly relied on by the other jurors. The essential idea of the prohibition is that the juror must rely on the "tablet of his memory". See critique in *Dudley* v. *State, supra,* and 14 A.L.R.3d 831.

16 S.E. 94; *J. B. Simmons Lumber Co.* v. *Toccoa Furniture Co.* (1921), 26 Ga. App. 758, 107 S.E. 340; *Indianapolis & St. L. R. Co.* v. *Miller* (1874), 71 Ill. 463 (recognizing rule); *State* v. *Keehn* (1911), 85 Kan. 765, 118 P. 851; *Martin* v. *Atherton* (1955), 151 Me. 108, 116 A.2d 629; *Cahill* v. *Baltimore* (1916), 129 Md. 17, 98 A. 235 (recognizing rule); *Commonwealth* v. *Tucker* (1905), 189 Mass. 457, 76 N.E. 127, 7 L.R.A. N.S. 1056; *Cowles* v. *Hayes* (1874), 71 N.C. 230; *Corbin* v. *Cleveland* (1944), 144 Ohio St. 32, 28 Ohio Ops. 562, 56 N.E.2d 214, 154 A.L.R. 874, *aff'g* 74 Ohio App. 199, 29 Ohio Ops. 333, 41 Ohio L. Abs. 289, 57 N.E.2d 427 (recognizing rule); *W. H. Davis Die Co.* v. *Beltzhoover Elec. Co.* (1931), 40 Ohio App. 308, 178 N.E. 418; *First Federal Sav. & L. Asso.* v. *Williams* (1947, App.) 55 Ohio L. Abs. 517, 91 N.E.2d 34; *Cleveland, C. C. & St. L. R. Co.* v. *Ullom* (1898), 20 Ohio Cir.Ct.R. 512, 11 Ohio C.D. 321, *aff'd without op. Railway Co.* v. *Ullom,* 64 Ohio St. 582, 61 N.E. 1148; *B. H. Palmer & Son* v. *Cowie* (1905), 7 Ohio Cir.Ct.R. N.S. 46, 27 Ohio C.C. 617; *State* v. *Cottrell* (1896), 19 R.I. 724, 37 A. 947; *Watkins* v. *State* (1965), 216 Tenn. 545, 393 S.W. 2d 141, 14 A.L.R.3d 818; *Brooks* v. *Temple Lumber Co.* (1937, Tex. Civ. App.), 105 S.W.2d 386; *Goodloe* v. *United States* (1950), 88 App. D.C. 102, 188 F.2d 621, *cert. den.* 342 U.S. 819, 96 L.Ed. 619, 72 S.Ct. 35; *Toles* v. *United States* (1962, C.A. 9 Cal.), 308 F.2d 590, *cert. den.* 375 U.S. 836, 11 L.Ed.2d 66, 84 S.Ct. 79, *reh. den.* 375 U.S. 949, 11 L.Ed.2d 280, 84 S.Ct. 353; *United States* v. *Carlisi* (1940, D.C. N.Y), 32 F.Supp. 479; *United States* v. *Campbell* (1956, D.C. Iowa), 138 F.Supp. 344; 89 C.J.S., Trial § 456, p. 80; 53 Am. Jur., Trial § 990, p. 690.

Particularly persuasive are those cases in which specific approval was given to the trial court's instructing the jury permitting brief note taking to refresh their memory during the proceedings. For example:

"There is no legal reason why such notes should not be made by jurors. Judges and lawyers make notes, why not jurors? Certainly the making of notes would better aid their memories and thus enable them to more intelligently consider the evidence. . . . I see no objection to all jurors . . . making notes which could be used by them to refresh their recollection, when we realize that the purpose of a lawsuit is to do justice rather than make it a game of chance." *United States* v. *Carlisi, supra.*

See also, *Harris* v. *United States,* 261 F.2d 792, (9th Cir. 1958); *Toles* v. *United States, supra; Bates* v. *Newman*

(1953), 121 Cal. App. 2d 800, 264 P.2d 197; *United States* v. *Campbell, supra; Boegel* v. *Morse* (1960), 251 Iowa 1253, 104 N.W.2d 826; *Omaha Fire Insurance Co.* v. *Crighton* (1897), 50 Neb. 314, 69 N.W.2d 766; *Cowles* v. *Hayes, supra; In re Hulbert* (1961), 16 Ohio Ops. 2d 465, 176 N.E.2d 881; *Koontz et al.* v. *Mylieus* (1916), 77 W.Va. 499, 87 S.E. 851; *Loggins* v. *People* (1972), Col., 498 P.2d 1146; *State* v. *Jackson* (1968), 201 Kan. 795, 443 P.2d 279.

While no instruction was given in *Dudley*, it is controlling. Note taking is discretionary with the trial court and an abuse of that discretion must be demonstrated to constitute reversible error. *Van Sickle* v. *Kokomo Water Works Co.* (1959), 239 Ind. 612, 619, 158 N.E.2d 460, 463, specifically so stated:

"In any event, none of the matters complained of are shown to constitute reversible error. For example, *it is complained . . . that one of the jurors took notes of the evidence during the trial. No prejudice is shown by reason thereof. Misconduct of the jury, unless explicitly prohibited, must be gross and shown to have injured the complaining party, or it will not warrant a new trial.*" (Emphasis supplied.) *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805; *Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783; *Layton* v. *State* (1968), 251 Ind. 205, 240 N.E.2d 489; *Johnson* v. *State* (1972), 257 Ind. 682, 278 N.E.2d 577; *Trombley* v. *State* (1906), 167 Ind. 231, 78 N.E.2d 976; *Brinkman* v. *Hovermale, Admr.* (1938), 106 Ind. App. 70, 13 N.E.2d 885.

Preliminary Instruction #13 admirably reflects the modern and majority view. It permits brief note taking and at the same time reminds the jurors their basic fact finding function must not be hampered thereby. As Judge Lumpkin observed in *Miller* v. *Cotton* (1848), 5 Ga. 341, 349:

"I would sooner trust the smallest slip of paper for truth, than the strongest and most retentive memory, ever bestowed on mortal man."

As Miresso has failed to indicate he was harmed or prejudiced in any manner by Preliminary Instruction #13, the judgment is affirmed.

Sullivan, P.J., and White, J., concur.