The State of Ohio, Appellee, *v.* Wallen, Appellant.

(No. 70-107—Decided February 3, 1971.)

*Mr. David D. Dowd, Jr.,* prosecuting attorney, for appellee.

*Miss Violet J. Tarcai,* for appellant.

*Per Curiam.* The first question which must be considered is whether there is evidence in the record that the appellant intended to rob the deceased at the time he attacked him.

An examination of the record reveals evidence that appellant was destitute; that his girl friend knew the decedent had cashed his pay check that day; that appellant and his girl friend had lived in McCully's apartment for some two weeks, rent free, with McCully furnishing all the food

and drinks; that, on the date of the killing, during a drinking bout in McCully's kitchen, appellant suddenly knocked McCully out of a chair onto the floor, where appellant proceeded to beat McCully with his fists and kick him in the face and sides with his combat boots, after which appellant trussed McCully up with wire; and that appellant took $50 from McCully's wallet, then hurriedly left the apartment with his girl friend. Thus, there was sufficient evidence in the record to present a question for the triers of the fact as to whether appellant intended to rob the decedent at the time of the attack.

The coroner testified that decedent had sustained eight stab wounds to the right side of his head and about one-half dozen fractures on each side of his chest. Cause of death was given as acute respiratory arrest due to the lung damage caused by the multiple rib fractures.

Appellant also contends that he was denied representation by counsel because his court-appointed attorney was "inefficient and inadequate." However, the record fails to disclose any evidence to support that contention.

Appellant finally claims a number of errors which, he contends, demonstrate that he was not "constitutionally proved guilty." While our careful examination of those issues raises serious doubt as to their substance, we find no reason to even consider them on their merits because appellant failed to raise them at his trial and in the Court of Appeals below.

It is the policy of this court, from which we are presently disinclined to deviate, to refuse to consider such questions. *State* v. *Jones* (1965), 4 Ohio St. 2d 13, 211 N. E. 2d 198. To entertain such questions now would effectively permit appellant to bypass consideration of those questions by the trial court, or the Court of Appeals.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.