Julius FANN, Petitioner-Appellant,

v.

Joseph H. HAVENER, Superintendent,
Respondent-Appellee.

No. 75–1222.

United States Court of Appeals,
Sixth Circuit.

May 23, 1975.

Julius Fann, pro se.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Columbus, Ohio, for respondent-appellee.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This appeal from the denial of a petition for a writ of habeas corpus presents for our consideration two questions: (1) whether the district court erred in holding that appellant was not denied his constitutional rights when he was subjected to a preindictment identification procedure shortly after the robbery of a gasoline station, and (2) whether the district court erred in holding that certain other constitutional claims could not be considered because appellant had not exhausted his state remedies with respect to them.

We hold that the district court's determination that the preindictment showup conducted shortly after the robbery was not erroneous, and, accordingly, affirm that portion of its order dismissing the petition. *See* Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

Whether the district court was correct in its determination that appellant had not exhausted his state remedies depends on whether the Ohio Supreme Court con-

sidered and decided certain claimed constitutional violations raised for the first time in the state proceedings in a memorandum submitted to it by appellant. On appeal from the trial court to the Court of Appeals of Summit County, Ohio, appellant assigned only the following errors:

"1. The Court erred in admitting testimony involving a lineup when defendant was unrepresented and when arrested, became an accused of crime.

"2. The court erred in failing to rule on defendant's motion for a directive verdict at the conclusion of defendant's case.

"3. The verdict of contrary to law and not sustained by the evidence." (SIC).

Doc. 3, Attachment (Appendix B).

After that court affirmed appellant's conviction, he sought review in the Supreme Court of Ohio and, in addition to the assignments of error already presented, he alleged in a memorandum:

"1. When police officers do not have probable cause to arrest a person, such arrest is a violation of the Fourth and Fourteenth Amendments of the Constitution; and

"2. When suggestive procedures used by the police is involved in exhibiting a suspect to victim's of a crime, and he is denied counsel, there has been a denial of due process of law.

"3. When there has been inadequate consultation and preparation before trial and counsel's negligence at trial itself, then there has been a violation of the Fifth and Fourteenth Amendment to fair trial." Doc. 1, Attachment page i. (SIC). Cf. Doc. 3, page 2.

The Commissioners of the Supreme Court of Ohio accepted copies of that memorandum for filing after having secured the government's consent to the submission. The government responded to the new assignments of error, and both memoranda were incorporated into the record. Thereafter, appellant received from the Supreme Court an order dismissing his appeal that stated only that, "[t]he Court sua sponte dismisses the appeal for the reason that no substantial constitutional questions exist herein."

■ The district court, apparently relying upon the custom of the Supreme Court of Ohio not to consider issues not presented to the intermediate appellate courts, held that appellant had not exhausted his state remedies with respect to the issues he raised for the first time before the Supreme Court. It is clear that in Ohio, "[t]he Supreme Court will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court." Toledo v. Reasonover, 5 Ohio St.2d 22, 25, 213 N.E.2d 179, 181 (1965) (emphasis added). In this case, however, the Commissioners, with the state's consent, accepted the additional issues for review, and the Ohio Supreme Court, sua sponte, dismissed the appeal without stating in its order, as it often has, that it had not considered some issues because they had not been raised before an intermediate appellate court. See, e. g., State v. Phillips, 27 Ohio St.2d 294, 272 N.E.2d 347 (1971); State v. Wallen, 25 Ohio St.2d 45, 266 N.E.2d 561 (1971); Toledo v. Reasonover, supra.

We are unable to determine from the record on appeal whether the basis for the district court's determination that appellant had not exhausted his state remedies was a finding that the Ohio Supreme Court had not, in fact, considered and disposed of appellant's additional assignments of error or only a recognition that the custom of the Ohio Supreme Court was not to do so under the circumstances of this case. Accordingly, we vacate that portion of the district court's order and remand the case to permit it to make clear the basis for its decision. If it should decide that these issues were considered by the Ohio Supreme Court and decided by it in the

order dismissing the appeal, it should proceed to consider the merits of the claimed constitutional violations.

Affirmed in part and vacated in part and remanded for further proceedings consistent with this opinion.