THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.

(No. L-87-359 — Decided September 16, 1988.)

*Tracy Sniderhan,* assistant prosecuting attorney, for appellee.

*Julia Casey,* for appellant.

*Per Curiam.* This matter is before the court on appeal from the judgment of the Lucas County Court of Common Pleas dated September 29, 1987.

Appellant, Henry Jones, was indicted for a violation of R.C. 2911.11, aggravated burglary. He was found guilty by a jury and sentenced on September 29, 1987. Appellant then sought a timely appeal to this court asserting the following assignments of error:

"I. The verdict is against the weight of the evidence.

"II. The trial court abused its discretion in allowing the jury to take notes over defense's objection.

"III. Appellant was denied his Sixth Amendment right to effective assistance of counsel."

In his first assignment of error, appellant attacks the sufficiency of the evidence upon which the guilty verdict was based.

A reviewing court cannot reverse the verdict of the trier of fact if there is substantial evidence to form a basis upon which reasonable minds could conclude that every element of the offense charged has been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 172, 10 O.O. 3d 340, 341, 383 N.E.2d 132, 134. Our role is, therefore, not to weigh the evidence or judge the credibility of the witnesses; but, rather, it is merely to determine if there was substantial evidence. *State* v. *Clay* (1972), 29 Ohio App. 2d 206, 218-219, 58 O.O. 2d 364, 371, 280 N.E. 2d 385, 393, affirmed (1973), 34 Ohio St. 2d 250, 63 O.O. 2d 391, 298 N.E. 2d 137. This determination is to be made by viewing the evidence in the light most favorable to the prosecution. *State* v. *Wallen* (1969), 21 Ohio App. 2d 27, 35, 50 O.O. 2d 50, 55, 254 N.E. 2d 716, 722, affirmed (1971), 25 Ohio St. 2d 45, 54 O.O. 2d 172, 266 N.E. 2d 561.

At trial, the jury heard the following testimony. The victim returned home one evening and found that his home had been broken into and that certain items were missing. Prior to that time, the police had been called regarding a suspicious car parked alongside the road in the area nearby the victim's home. The police investigated the area but did not spot anyone on foot. They continued to check on the car between other calls. Approximately twenty minutes after the final check, the police saw the car being driven by appellant. They followed the car and stopped it after appellant made a right-hand turn without using a turn signal. The officer saw that the car was filled with personal property. In addition, the officer observed that appellant appeared to be very nervous, that he was dressed in dark clothing and wearing leather gloves even though it was not that cold, and that appellant was not the one in whose name the car was registered. When the officer first inquired about the property, appellant claimed it was his. After the officer stated that he had seen the car empty twenty minutes before and again asked the appellant to whom the property belonged, appellant replied that he had taken it out of a house and did not know who the owner was. Appellant then raised his hands, and the officer placed him under arrest.

Appellant testified at trial, how-

ever, that he did not make these statements to the police. Instead, appellant claimed that he had been a part of a scheme by the victim to defraud the insurance company. Appellant stated that he never entered the home of the victim, but that he picked up the property outside and was taking it to a bar where they were all to meet and where he was to give the property to the victim.

The evidence presented by the state, if believed, was sufficient to convince a reasonable person that appellant was guilty beyond a reasonable doubt. It is not our role to judge the credibility of the witnesses. Therefore, because there was sufficient evidence to substantiate the verdict, it was not against the manifest weight of the evidence. Hence, appellant's first assignment of error is found not well-taken.

In his second assignment of error, appellant argues that the trial court abused its discretion in allowing the jury to take notes over appellant's objections.

Note-taking by a juror does not, by itself, constitute unfair prejudice to the defendant. In addition, the court may permit note-taking by jurors. See *State* v. *Gray* (Aug. 19, 1988), Lucas App. No. L-87-393, unreported, at 6; *State* v. *Garrison* (Mar. 25, 1987), Summit App. Nos. 12676 and 12746, unreported, at 7-8; *State* v. *Damron* (Jan. 30, 1986), Clark App. No. 2088, unreported, at 6; *State* v. *Nelson* (June 15, 1983), Summit App. Nos. 10973, 10975, 10993 and 10999, unreported, at 15; *Catterlin* v. *State* (App. 1934), 16 Ohio Law Abs. 410, 414. Cf. *Corbin* v. *Cleveland* (1943), 74 Ohio App. 199, 202, 41 Ohio Law Abs. 289, 292, 29 O.O. 333, 335, 57 N.E. 2d 427, 428-429, affirmed (1944), 144 Ohio St. 32, 28 O.O. 562, 56 N.E. 2d 214, 154 A.L.R. 874. Unless the trial court's use of discretion is found to be "unreasonable, arbitrary or unconscionable," it

will be upheld. *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157, 16 O.O. 3d 169, 173, 404 N.E. 2d 144, 149, 16 A.L.R. 4th 344, 350.

In the case *sub judice,* one juror inquired about note-taking. The judge approved the note-taking, over appellant's objection, and the court provided each juror with a notebook which notebooks were collected at the end of the first day of trial and redistributed the next day. The judge cautioned the jurors when the notebooks were distributed. A portion of that instruction reads as follows:

"The fact that one juror decides he wants to take notes and another decides they [*sic*] do not want to take notes does not mean that the note-taking juror is paying closer attention to the evidence, or that that particular juror's recollection of what the testimony was would be any more accurate or any better than the non-note-taking juror. It simply is a matter of personal choice.

"* * *

"The fact is, as long as you're paying attention, whatever you feel most comfortable doing, you may do that. When ultimately, and you will be reinstructed on this, you retire to consider your verdict, and it is stressed now and it will be stressed again later that the fact that a note-taking juror remembers the evidence in one particular way, even though his notes may support that particular view, does not mean that juror has a more accurate understanding or recollection of the evidence than somebody who did not take notes. You are to use your individual memories and ultimately your collective judgment as to what the evidence showed in this case."

The court further cautioned the jury in the jury instructions not to give greater weight to the recollections of those jurors who took notes. That portion of the jury instructions reads as follows:

"Now, a special word is in order about jurors' notes. It started out seven and I believe became eight of you have taken notes during this trial on occasion, and four of you have not.

"You will recall that I instructed you prior to distributing the notebooks that the decision to take notes was a purely personal one for each individual juror based upon individual habit and preference.

"I further stress that note-taking does not make a juror necessarily a more careful auditor of testimony nor a better observer of witnesses' demeanor.

"Obviously, the notes individual jurors took are not in any way to be considered as verbatim records of testimony. In fact, it cannot be overstressed that an individual juror's notes are just memory aids for that particular juror.

"In this regard, consider this hypothetical situation. Two jurors remember a factual aspect of the trial differently. One took notes and one didn't. The fact that the note-taking juror's notes support his recollection of the testimony in no way makes his memory more reliable than the non-note-taking juror."

Therefore, appellant has not shown that he was prejudiced or that the court abused its discretion by permitting note-taking by the members of the jury. Therefore, we find appellant's second assignment of error not well-taken.

In his final assignment of error, appellant contends that he was denied his Sixth Amendment right to effective assistance of counsel. Appellant argues that his trial counsel committed two prejudicial errors, namely, that the attorney failed to request that the court charge the jury on a lesser included offense and that he failed to object a second time to the jury taking notes when a juror asked for a notebook in the midst of trial.

The standards for determining whether trial counsel was ineffective were pronounced in *Strickland* v. *Washington* (1984), 466 U.S. 668, at 687. Thereafter, in *State* v. *Post* (1987), 32 Ohio St. 3d 380, 388, 513 N.E. 2d 754, 762, the Ohio Supreme Court, quoted the *Strickland* standards as follows:

"'First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' * * * The *Strickland* standard was recently approved in *Burger* v. *Kemp* (1987), 483 U.S. [776], 97 L. Ed. 2d 638. Accord *State* v. *Smith* (1985), 17 Ohio St. 3d 98, 100, 17 OBR 219, 220-221, 477 N.E. 2d 1128, 1131; *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 395, 2 O.O. 3d 495, 497, 358 N.E. 2d 623, 626, vacated in part on other grounds (1978), 438 U.S. 910."

In the case *sub judice,* appellant was charged with a violation of R.C. 2911.11, aggravated burglary. That section provides, in pertinent part, that:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"* * *

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at

the time any person is present or likely to be present."

The court must also instruct the jury as to any lesser included offense if:

"* * * (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 384, 18 O.O. 3d 528, 530, 415 N.E. 2d 303, 306.

However, if the evidence presented by the defense is a complete defense to the crime charged, no lesser included offense can be considered unless the trier of fact could reasonably find against the defendant only on those elements which would constitute a violation of the lesser included offense. *State* v. *Wilkins, supra,* at 388, 18 O.O. 3d at 532, 415 N.E. 2d at 308.

In this case, appellant testified that he was never in the home and that he had the consent of the victim to take personal property. If this testimony was believed, the trier of fact could not find appellant guilty of aggravated burglary or receiving stolen property. Appellant has failed to set forth in his argument any other lesser included offense he believes could have been proven, and we are unable to discern one. Therefore, there was no basis upon which the trial court could have instructed the jury on a lesser included offense.

With respect to the note-taking issue, we have already discussed this issue above. Trial counsel had no grounds upon which to object to this conduct in the first place. Moreover, trial counsel did object when the issue first arose. There was certainly no need for him to object a second time when a juror requested a notebook during trial.

Therefore, we find appellant's third assignment of error not well-taken.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.