GAYDESKI, Appellant,

v.

OHIO LIQUOR CONTROL COMMISSION, Appellee.

[Cite as *Gaydeski v. Ohio Liquor Control Comm.*,
155 Ohio App.3d 349, 2003-Ohio-6190.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–329.

Decided Nov. 20, 2003.

------

14. See, e.g., *In re Hoffman* and *Santosky v. Kramer*, supra.

350

Fawley & Associates and Darrell E. Fawley Jr., for appellant.

Jim Petro, Attorney General, and Cheryl R. Hawkinson, Assistant Attorney General, for appellee.

KLATT, Judge.

{¶ 1} Appellant, Lawrence E. Gaydeski, appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of appellee, Liquor Control Commission ("commission"), revoking appellant's liquor licenses. Because the trial court did not abuse its discretion in affirming the commission's decision, we affirm that judgment.

{¶ 2} Appellant operates the "Shamrock" bar in Toledo, Ohio, and holds multiple liquor licenses. On August 27, 2002, the commission mailed appellant two notices of hearing. Those notices arose from two separate incidents at Shamrock. In the first notice (case No. 147–02), the commission alleged that appellant (1) allowed beer to be consumed between 2:30 a.m. and 5:30 a.m. in violation of Ohio Adm.Code 4301:1–1–49; (2) allowed improper conduct on the premises in violation of Ohio Adm.Code 4301:1–1–52; and (3) hindered and/or obstructed an inspector of the commission from making an inspection of appellant's bar while in the lawful performance of his duty in violation of R.C. 4301.66.

In the second notice (case No. 1490–02), the commission alleged that appellant (1) sold and furnished intoxicating liquor to a minor in violation of R.C. 4301.69(A); (2) allowed improper conduct on the permit premises in violation of Ohio Adm.Code 4301:1–1–52; and (3) hindered and/or obstructed an inspector of the commission from making an inspection of appellant's bar while in the lawful performance of his duty in violation of R.C. 4301.66.

{¶ 3} On September 26, 2002, the commission held two hearings pursuant to these notices. Prior to the hearings, the alleged violations of Ohio Adm.Code 4301:1–1–52 (allowing improper conduct on premises) were dismissed in both cases, and the alleged violations of R.C. 4301.69(A) (selling intoxicating liquor to a minor) were dismissed in case No. 1490–02. The hearings proceeded on the remaining alleged violations.

{¶ 4} In case No. 147–02, the evidence was conflicting. Several liquor control agents testified that, on October 7, 2001, a team of agents drove by the Shamrock at 3:05 a.m. and noticed cars in the parking lot. There were lights on inside the bar, but the electric signs in the front window were off, and there were no lights illuminating the front door. The agents pulled into the parking lot to determine whether the bar was operating after hours. One of the agents, Agent Robinson, looked in the front window of the bar and observed an individual, later identified as David Miller, consuming a 12–ounce bottle of Corona beer. Agent Robinson saw no other alcohol being served or consumed other than the Corona beer. Agent Robinson knocked on the front door, identified those present as police and state liquor agents, and requested admission into the bar. All of the agents wore badges and tactical vests bearing the word "Police." While the team was waiting to be let into the bar, Agent Robinson went back to the front window and observed appellant's wife motion for Miller to go into a back room of the bar. Agent Robinson watched Miller, still holding the bottle of beer, walk into a back room.

{¶ 5} The agents continued to knock on the front door, requesting admission. Agent Robinson testified that appellant's wife came up to the door and told them to wait a minute but did not open the door. After approximately five minutes, Miller, without the bottle of beer, opened the front door and the agents entered the bar. Agent Robinson went into the back room where he had previously seen Miller go with a bottle of beer. In that room, Agent Robinson found a bottle of Corona beer in an otherwise empty, large plastic garbage can.

{¶ 6} Appellant's witnesses told a different story. Two of appellant's employees testified that, on October 7, 2001, a few people came to the bar after closing to meet appellant and his wife and then go out to breakfast. According to these witnesses, one of the visitors walked in with a bottle of Corona beer. Appellant testified that, when he saw the beer, he took it away and put it in a trash can in

the back room. When the liquor agents began knocking on the front door, the visitors and appellant's employees called for appellant to come and open the door. Several of appellant's witnesses stated that it took appellant only about a minute to open the door after the liquor agents arrived.

{¶ 7} The evidence was also conflicting in case No. 1490–02. The Department of Liquor Control initiated an investigation of appellant's permit premises on January 20, 2002, after it received a complaint of underage drinking. Liquor agents observed a minor drinking an alcoholic beverage. Two agents approached the minor, confiscated the drink, and handed it to Agent Valasek. Appellant then approached Agent Valasek and knocked the drink out of her hand. Appellant then apologized for bumping into her. Agent Valasek and another agent testified that appellant intentionally knocked the drink out of Agent Valasek's hand.

{¶ 8} Appellant admitted knocking the drink out of Agent Valasek's hand but contended that it was an accident. He explained that he has a torn ligament in his left knee, which makes him unstable. He testified that his right hip caught the side of a pool table, causing him to accidentally bump into Agent Valasek. However, appellant admitted that he was convicted in a separate criminal proceeding of obstructing official business as a result of this incident.

{¶ 9} After the hearings, the commission found in case No. 147–02 that appellant allowed beer to be consumed between 2:30 a.m. and 5:30 a.m. on the permit premises and that he hindered and/or obstructed an inspection of his bar. In case No. 1490–02, the commission found that appellant had hindered and/or obstructed an inspector in performing her duties. The commission revoked appellant's liquor licenses based upon these violations. The two cases were consolidated for purposes of appeal to the Franklin County Court of Common Pleas, which affirmed the commission's decisions.

{¶ 10} Appellant appeals, assigning the following assignment of error:
"The Common Pleas Court erred and abused its discretion in finding that the orders of the Ohio Liquor Control Commission are supported by reliable, probative and substantial evidence and are in accordance with law."

{¶ 11} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248. Reliable, probative and substantial evidence has been defined as follows:
"* * * (1) 'Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) 'Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3)

'Substantial' evidence is evidence with some weight; it must have importance and value." *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303.

{¶ 12} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. *Roy v. Ohio State Med. Bd.* (1992), 80 Ohio App.3d 675, 680, 610 N.E.2d 562. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835.

{¶ 13} Appellant first contends that he could not have hindered or obstructed the agents while in the lawful performance of their duties on October 7, 2001, because the agents were not authorized to conduct a warrantless search of his premises. Ohio Adm.Code 4301:1–1–79(B) permits warrantless inspections by authorized liquor control agents when the permit holder's premises are open for business but also allows such inspections "at other times only if it reasonably appears that all or part of the permit premises is in operation." Id. Appellant argues that it did not reasonably appear that his bar was in operation when the agents conducted their search on October 7, 2001. We disagree. The agents testified that there were numerous cars in appellant's parking lot, and lights were on inside the bar. Also, Agent Robinson testified that he observed people inside the bar and one person drinking a beer. Accordingly, it could reasonably appear that at least part of appellant's bar was in operation. In such a situation, Ohio Adm.Code 4301:1–1–79(B) authorizes the agents to conduct a warrantless search of appellant's bar.

{¶ 14} Appellant next contends that an omission to act (i.e., his delay in opening the door) cannot, as a matter of law, constitute hindering or obstructing the liquor agents. We disagree. R.C. 4301.66 prohibits any person from hindering or obstructing "any agent or employee of the division of liquor control * * * from making inspection or search of any place * * * where beer or intoxicating liquor is possessed, kept, sold, or given away." Furthermore, Ohio Adm.Code 4301:1–1–62 requires appellant to "immediately admit" liquor control

agents to the permit premises. The record reflects testimony that the agents were not allowed into the permit premises for approximately five minutes after they identified themselves and requested entrance. Appellant contests only the length of the delay. During the delay, an agent observed appellant's wife direct Miller into a back room, allegedly to dispose of a bottle of beer. A delay of "several minutes" in opening a door to allow liquor agents into a permit premise has been held sufficient to find a violation of R.C. 4301.66. *N.R., Inc. v. Ohio Liquor Control Comm.* (1996), 113 Ohio App.3d 198, 204, 680 N.E.2d 703 (noting also that, during that delay, officers observed people pouring out what appeared to be beer); see, also, *State v. Compher* (Mar. 19, 1986), Ross App. No. 1160, 1986 WL 3406 (affirming criminal conviction under R.C. 4301.66, where the door was not opened for three to five minutes after officers identified themselves, and also noting that officers heard attempts at concealing alcohol during that delay). A delay of even two minutes has been held sufficient to constitute a hindrance under R.C. 4301.66. *Rodgers v. Ohio Liquor Control Comm.* (Oct. 19, 1998), Richland App. No. 98 CA39 2, 1998 WL 753177. Appellant's delay in opening the door to the liquor agents once they had identified themselves as agents, coupled with the attempt to conceal Miller's bottle of beer during that delay, was sufficient to establish a hindrance or obstruction of the agents' investigation in violation of R.C. 4301.66.

{¶ 15} Appellant also contends that he could not have hindered or obstructed the agents' investigation because the agents ultimately discovered the bottle of beer Miller allegedly was drinking. Again, we disagree. The elements of a violation of R.C. 4301.66 are hindering or obstructing any agent or employee of the Division of Liquor Control from making inspection or search of any place, other than a bona fide private residence, where beer or intoxicating liquor is possessed, kept, sold, or given away. R.C. 4301.66; *Rodgers*, supra. The ultimate success of the agents' investigation or search is not determinative of whether there was a violation of R.C. 4301.66. It is sufficient that appellant delayed the agents in their investigation of the premises and attempted to conceal evidence for a finding that appellant violated R.C. 4301.66. See *N.R., Inc.*, supra.

{¶ 16} This conclusion is supported by *Rodgers*, supra, wherein liquor control agents were delayed for two minutes from entering the permit premises. Once inside, the agents found marijuana, evidence of a violation of Ohio Adm.Code 4301:1-1-52. The ultimate success of the agents' search in finding the marijuana did not prevent the court from affirming the finding that the license holder had hindered or obstructed the agents' investigation by not immediately letting the agents in the bar. The relevant issue was whether appellant hindered or obstructed the investigation, not whether the agents were ultimately successful in obtaining incriminating evidence. Cf. *Sermon v. Ohio Liquor Control Comm.*

(July 20, 1995), Franklin App. No. 95APE01–18, 1995 WL 431129 (affirming violation of R.C. 4301.66, where license holder prevented the progress of the investigation); *Rodgers,* supra. Because appellant purposely delayed before allowing the agents to enter his bar, he hindered or obstructed the agents' investigation, particularly when there was also an attempt to conceal evidence during that delay. Appellant's argument to the contrary is unavailing.

{¶ 17} Last, appellant contends that he did not hinder or obstruct the agent's January 20, 2002 investigation when he knocked the drink out of Agent Valasek's hand. Conflicting evidence was presented describing this incident. Appellant testified that he accidentally knocked the glass out of the agent's hand after he lost his balance. Agents Valasek and Mack testified that appellant intentionally knocked the glass out of the agent's hand. The commission sat as the trier of fact in this case and was in the best position to view the witnesses and observe their demeanor, and use those observations in weighing the witnesses' credibility. *Smith v. Ohio Liquor Control Comm.* (Dec. 10, 1998), Athens App. No. 98CA03, 1998 WL 961054. The weight to be given evidence and the credibility of witnesses are issues for the trier of fact. *Cole v. Complete Auto Transit, Inc.* (1997), 119 Ohio App.3d 771, 777–778, 696 N.E.2d 289. Accordingly, the common pleas court must give due deference to the determination of the administrative body when the evidence before the court consists of conflicting testimony. *Ronic, Inc. v. Ohio Liquor Control Comm.,* Franklin App. No. 02AP–1244, 2003-Ohio-3188, 2003 WL 21404162, at ¶ 10; *Double Duce, Inc. v. Ohio Liquor Control Comm.* (Sept. 28, 2000), Franklin App. No. 99AP–1284, 2000 WL 1455668.

{¶ 18} The commission obviously found the agents' version of that night's events more credible than appellant's version and determined that appellant intentionally knocked the drink out of the agent's hand. The trial court did not abuse its discretion in deferring to that finding. The agents' testimony provides reliable, probative, and substantial evidence to support the commission's finding that appellant hindered or obstructed Agent Valasek by intentionally knocking the drink out of her hand.

{¶ 19} It should also be noted that appellant does not contest the commission's finding that he allowed the consumption of alcohol between the hours of 2:30 a.m. and 5:30 a.m., a violation of Ohio Adm.Code 4301:1–1–49. This violation, in and of itself, would permit the revocation of appellant's liquor licenses. R.C. 4301.25(A).

{¶ 20} In conclusion, the commission's decision was supported by reliable, probative, and substantial evidence and was in accordance with law. Accordingly, the Franklin County Court of Common Pleas did not abuse its discretion in

affirming that decision. Appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

Bowman and Lazarus, JJ., concur.