OPINION
{¶ 1} Appellant, Monkey Joe's, Inc., appeals from the judgment of the Franklin County Court of Common Pleas, which affirmed an order of appellee, Ohio Liquor Control Commission ("the commission") finding that appellant violated R.C. 4301.66, and revoking appellant's liquor permit.
 {¶ 2} The following facts are taken from the stipulated investigators' report and the testimony of record, or are otherwise undisputed. Appellant has held a Class D-1, D-3, D-3A liquor permit since 1996, and operated a bar located at 1336 West Broad Street in Columbus, Ohio. On October 14, 2001, acting on a complaint, agents of the Ohio Department of Public Safety went to the permit premises. They arrived at 3:05 a.m., and observed a total of 11 vehicles parked in front of the permit premises, and in the parking lot beside the premises. The agents peered through the mail slot and observed an employee drinking a yellowish-colored liquid from a small glass through a stir straw.
 {¶ 3} One of the agents knocked on the door while another agent announced, "State Liquor, open up!" After eight seconds had elapsed, the agents again knocked and requested admittance. After an additional five seconds had elapsed, the agents knocked and requested admittance for a third time. The agents were granted admittance to the premises approximately ten seconds later. According to the permit holder's representative, he heard the agents identify themselves the first two times they knocked on the door, but only allowed them to enter the permit premises after they displayed their identification.
 {¶ 4} Upon gaining entry to the permit premises, the agents advised an individual by the name of Tracey Blevins of the reason for their presence, and inquired about the location of the glass from which they had observed an employee imbibing a yellowish liquid moments earlier. In response, the agents were shown a glass that had just been washed and was drying upside down. Blevins indicated the glass had contained Coca Cola. The agents then inspected liquor bottles located behind the bar, and noticed that six bottles contained bugs and/or debris, and some bottles appeared to have been refilled or diluted.
 {¶ 5} As a result of this inspection, appellant was charged with obstructing an inspection of a permit premises, in violation of R.C. 4301.66, and with a violation of the sanitation requirements contained in Ohio Adm. Code 4301:1-1-17. The latter charge was later dismissed. On June 5, 2002, the commission conducted a hearing on the obstructing charge. Appellant stipulated to the investigators' report, but entered a denial to the charge. The commission heard testimony from one of the agents involved in the inspection of appellant's premises, as well as from James Johnston, who identified himself as the owner of Monkey Joe's. The commission also accepted into evidence several photographs taken on the morning of the inspection. On June 11, 2002, the commission issued an order finding appellant in violation of R.C. 4301.66, and ordering revocation of appellant's liquor permit effective July 2, 2002.
 {¶ 6} Appellant appealed to the Franklin County Court of Common Pleas. In affirming the commission's order, the court of common pleas noted that appellant's stipulation to the investigators' report constitutes an admission to the facts surrounding the allegations of a violation of R.C. 4301.66. Given that such facts were thus before the commission, the trial court found the commission's order was supported by reliable, probative and substantial evidence. The court of common pleas rejected appellant's contention that the court is empowered to remand this matter to the commission for imposition of a penalty less harsh than revocation.
 {¶ 7} In the present appeal, appellant presents the following three assignments of error for our review:
I. The lower court erred in misconstruing the nature and extent of the parties' stipulation of facts.
II. The lower court erred in holding that the stipulated evidence supported a finding that appellant violated R.C.4301.66, hindering or obstruction an inspection.
III. The lower court erred in finding that it had no authority to modify the penalty imposed by the Liquor Control Commission or in remanding this matter to the commission with instructions to revisit the issue of penalty.
 {¶ 8} R.C. 119.12 governs appeals from orders of administrative agencies, and provides, in part:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
 {¶ 9} Under R.C. 119.12, when the trial court reviews an order of an administrative agency, the trial court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 110-111. See, also, Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280.
 {¶ 10} The trial court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof.'"Lies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews at 280. In its review, the trial court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati, supra.
 {¶ 11} An appellate court's review of an administrative decision is more limited than that of a trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, reh'g denied, 67 Ohio St.3d 1439. In Pons, the Supreme Court of Ohio noted: "* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion[.] * * * Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id.
 {¶ 12} In support of its first assignment of error, appellant argues the trial court "overlooked" its responsibility to determine whether the facts contained in the stipulated investigators' report constitute a violation of R.C. 4301.66. Appellant argues that the trial court "assumed" that the report contained sufficient facts to support a finding that appellant violated the obstruction statute. We disagree. The trial court's decision and entry contains a comprehensive discussion of all of the facts contained within the investigators' report that support the commission's finding that appellant obstructed an inspection. These facts include the agents' observation that a man inside the premises was drinking a yellowish liquid; this occurred after hours, and just moments prior to the agents' gaining entry to the premises; and after the agents did enter the premises they requested to see the glass from which the man had been drinking, at which point the agents were presented with a recently washed glass.
 {¶ 13} R.C. 4301.66 provides:
No person shall hinder or obstruct any agent or employee of the division of liquor control, any enforcement agent of the department of public safety, or any officer of the law, from making inspection or search of any place, other than a bona fide private residence, where beer or intoxicating liquor is possessed, kept, sold, or given away.
The elements of hindering an investigation are: hindering or obstructing any agent or employee of the division of liquor control from making inspection or search of any place, other than a bona fide private residence, where beer or intoxicating liquor is possessed, kept, sold, or given away. 6206 Broadway Mart v.Liquor Control Comm. (June 29, 2000), Cuyahoga App. No. 76365.
 {¶ 14} "Hinder" is defined as "[o]bstruct or impede." Black's Law Dictionary (6 Ed. 1990) 729. "Obstruct" is defined as follows: "[t]o hinder or prevent from progress, check, stop, also to retard the progress of, make accomplishment of difficult and slow. * * * To be or come in the way of or to cut off the sight of an object. To block up; to interpose obstacles; to render impassable; to fill with barriers or impediments, as to obstruct a road or way. To impede; to interpose impediments to the hindrance or frustration of some act or service, as to obstruct an officer in the execution of his duty." Id. at 1077.
 {¶ 15} The disposition or concealment of evidence for the purpose of preventing a liquor agent from inspecting it satisfies these elements. See State v. Brophy (June 8, 1983), Warren App. No. 83-01-005. The ultimate success of the agents' investigation or search is not determinative of whether there was a violation of R.C. 4301.66. Gaydeski v. Liquor Control Comm.,155 Ohio App.3d 349, 2003-Ohio-6190, ¶ 15. In the present case, the facts contained in the investigators' stipulated report amply support the commission's finding that a violation of R.C. 4301.66 had occurred. The washing of the glass prevented the agents' inspection of the liquid that had been in the glass moments earlier, and thus hindered their investigation into unlawful after-hours consumption of alcohol. The fact that the trial court did not expressly explain this reason for its finding does not equate to the trial court having "assumed" that the facts support the commission's order. The trial court did not abuse its discretion in its treatment of the effect of appellant's stipulation to the investigators' report. Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} In its second assignment of error, appellant argues the trial court abused its discretion in finding that the commission's order was supported by reliable, probative and substantial evidence. Much of appellant's argument under this assignment of error is devoted to whether its delay in granting the liquor agents entry to the permit premises supports a finding of a violation of R.C. 4301.66. However, as noted above, the washing of the glass, which prevented the agents from inspecting it to determine whether after-hours consumption of alcohol had taken place only moments before, is sufficient to support a finding of a violation. Therefore, we find appellant's delay in answering the agents' knocks is of no moment and a discussion of the issue is unnecessary.
 {¶ 17} Appellant advances one other argument in support of its second assignment of error. Appellant urges that the record before the commission contains insufficient evidence that the inspection alleged to have been obstructed or hindered was authorized by law, pursuant to Ohio Adm. Code 4301:1-1-79. Appellant may not argue to this court issues that were not raised and considered in the trial court below. See State v. Wallen
(1971), 25 Ohio St.2d 45; Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41; Snyder v. Standford (1968),15 Ohio St.2d 31; Oney v. Needham (1966), 6 Ohio St.2d 154. A fundamental rule of appellate review is that an appellate court will not consider any error that could have been, but was not, brought to the trial court's attention. Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, 210. Thus, a party has waived the right to appeal an issue that was in existence prior to or at the time of trial if that party did not raise the issue at the appropriate time in the court below. See State v. Awan (1986),22 Ohio St.3d 120, 123; Van Camp v. Riley (1984),16 Ohio App.3d 457, 463.
 {¶ 18} The issue of whether the inspection in the present case was lawful under Ohio Adm. Code 4301:1-1-79 existed during the proceedings in the court of common pleas, and should have been raised therein. A review of the record reveals no mention of the issue in the proceedings below. Thus, appellant has waived its right to review of same.
 {¶ 19} Because we find, as discussed above, that the court of common pleas did not abuse its discretion in finding the commission's order was supported by reliable, probative and substantial evidence, we overrule appellant's second assignment of error.
 {¶ 20} In its third assignment of error, appellant argues that the court of common pleas could have and should have remanded this matter to the commission for reconsideration of the penalty to be imposed. Relying on the decision of the Supreme Court of Ohio in Henry's Café v. Bd. of Liquor Control (1959),170 Ohio St. 233, the trial court concluded that, since it had determined the commission's finding of a violation was supported by reliable, probative and substantial evidence, the court was without power to alter the penalty imposed.
 {¶ 21} On appeal, appellant argues that nothing in Henry'sCafé or any other controlling precedent or statutory law prevents the court from remanding the matter to the commission and ordering reconsideration of the penalty. Appellant argues that the trial court in the present case should have done so because the commission "quickly" imposed revocation, which penalty is "harsh and "excessive" because it "stripped Monkey Joe's owner of his livelihood." (Brief of appellant at 14.)
 {¶ 22} Courts of law are without authority to review a penalty imposed by an administrative agency if the agency had the authority to impose that penalty. WFO Corp. v. Ohio LiquorControl Comm. (Oct. 31, 1996), Franklin App. No. 96APE05-558, citing Henry's Café, supra. This court has countenanced remand to the administrative agency for reconsideration of the penalty only in cases where a reviewing court finds one of multiple violations to be unsupported by reliable, probative and substantial evidence. See, e.g., Rossiter v. Ohio State Med.Bd. 2002-Ohio-2017; Linden Med. Pharmacy, Inc. v. Ohio StateBd. of Pharmacy (May 8, 2001), Franklin App. No. 00AP-641; andSTJ Entertainment L.L.C. v. Liquor Control Comm., 2001-Ohio-3940. However, where the reviewing court leaves the agency's findings wholly undisturbed, and where the penalty imposed by the agency was within the agency's authority, the court does not abuse its discretion in upholding the penalty.WFO Corp., 1996 Ohio App. LEXIS 4788, at *19-20.
 {¶ 23} In the present case, the court of common pleas found the commission's single finding of a violation of R.C. 4301.66 to be supported by reliable, probative and substantial evidence. Pursuant to R.C. 4301.25, the commission may suspend or revoke any liquor permit for the violation of any restriction contained in R.C. Chapter 4301. Thus, in the present case, the commission had the authority to order revocation of appellant's liquor permit, and the court of common pleas did not abuse its discretion in upholding such revocation. Accordingly, appellant's third assignment of error is not well taken and the same is hereby overruled.
 {¶ 24} Having overruled all of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Lazarus, P.J., and Bowman, J., concur.