[Cite as *State v. Washington*, 2026-Ohio-1644.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ADRIENNE WASHINGTON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0113**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 24 CR 684

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Ronald Perdue*, for Defendant-Appellant.

Dated: May 6, 2026

**HANNI, J.**

{¶1} Defendant-Appellant, Adrienne Washington, appeals a Mahoning County Common Pleas Court judgment sentencing him to community control with a condition that he serve six months in the Mahoning County Justice Center. The trial court stayed Appellant's sentence pending appeal.

{¶2} Appellant asserts the trial court erred by denying his motion to suppress evidence found on his person after he was arrested. He contends police lacked probable cause to arrest him for obstructing a liquor inspection. He also maintains the State failed to present evidence that he knew or reasonably should have known a liquor inspection was occurring.

{¶3} Appellant's assignments of error lack merit. The trial court properly denied his motion to suppress because police had sufficient probable cause to arrest him for hindering or obstructing a liquor inspection. Further, the State presented sufficient evidence to establish that he violated R.C. 4301.66 by hindering or obstructing a liquor inspection.

{¶4} On October 31, 2025, Appellant was indicted on three counts: possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(c), a third-degree felony with a forfeiture specification (Count 1); aggravated possession of drugs in violation of R.C. 2925.11(A),(C)(1)(a), a fifth-degree felony with a forfeiture specification (Count 2); and a first-degree misdemeanor of hindering or obstructing an inspection in violation of R.C. 4301.66, 4301.99(C) (Count 3).

{¶5} On December 27, 2025, Appellant filed a motion to suppress drugs found on his person. He asserted law enforcement lacked probable cause to arrest him for hindering or obstructing a liquor inspection and thus the drugs discovered during the search incident to his arrest were unlawfully seized.

{¶6} The trial court conducted a suppression hearing. The State called Sergeant Greg Brinsko of the Austintown Police Department (APD). He testified that on September 22, 2024 at 4:20 a.m., a patrol officer notified him that the parking lot of the Zodiac Club was full of cars and people. (Supp. Tr. 8-9). He stated he drove there to investigate because it was well after normal hours for a bar to serve alcohol. (Supp. Tr. 8). He

gathered officers to perform a liquor inspection. (Supp. Tr. 8). He observed several individuals outside of the bar fighting and screaming. (Supp. Tr. 11). He called for backup and after dispersing the crowd, he and other officers pounded on the door of the Zodiac. (Supp. Tr. 11).

{¶7} Sergeant Brinsko testified that he told a few patrons inside Zodiac to get the manager because he needed to talk to him as he could not enter the business. (Supp. Hg. Tr. 20). Sergeant Brinsko related police could not make entry because a large magnetic device on top of the door barred them from opening it. (Supp. Tr. 12). He testified that patrons on the inside of Zodiac also could not open the door to exit or to let police inside. (Supp. Hg. Tr. 20).

{¶8} Sergeant Brinsko called the fire department because no one could enter or exit Zodiac. (Supp. Tr. 13). The fire department arrived and they contemplated options. (Supp. Tr. 25). Sergeant Brinsko testified that police tried to call Appellant as they had his phone number from prior contacts at Zodiac, since police had been there at least six times in the past 18 months for the same reasons. (Supp. Tr. 19).

{¶9} Sergeant Brinsko recalled lights from the police cars and fire truck were flashing in the parking lot. (Supp. Tr. 26). He opined that Appellant could hear police pounding on the door from the kitchen where he was located even with the noise inside and outside Zodiac. (Supp. Tr. 29).

{¶10} Sergeant Brinsko testified the magnetic doors eventually released on their own at 5:02 a.m. (Supp. Tr. 13-14). He stated he entered, located Appellant in the kitchen, and Appellant identified himself as the manager of Zodiac. (Supp. Tr. 13-14). Sergeant Brinsko observed that the kitchen was located in the back of the bar area down a 20-foot hallway away from the magnetic door. (Supp. Tr. 27-28).

{¶11} Sergeant Brinsko handcuffed Appellant and took him into custody for hindering or obstructing a liquor inspection. (Supp. Tr. 15, 28). He also towed Appellant's vehicle as incident to his arrest. (Supp. Tr. 15).

{¶12} On cross-examination, Sergeant Brinsko agreed Zodiac was a nuisance prior to the instant occurrence due to noise complaints, underage patrons, and operating after business hours. (Supp. Tr. 16). He recalled at least six prior incidents before

September 22, 2024. (Supp. Tr. 19). He also had prior interactions with Appellant at Zodiac. (Supp. Tr. 28).

{¶13} Sergeant Brinsko described the outside of Zodiac as "chaotic" when he arrived due to people yelling, screaming, pushing, and shoving. (Supp. Tr. 18). He observed patrons inside Zodiac and testified that a few came to the door and tried to open it for him, but it was locked. (Supp. Tr. 20).

{¶14} Sergeant Brinsko testified that anyone in the kitchen would have heard police knocking on the door and would know they were law enforcement upon entry as they were uniformed. (Supp. Tr. 29). He stated Appellant should have known he was conducting a liquor inspection despite his presence in the kitchen and the noise inside and outside of Zodiac. (Supp. Hg. 30). He testified Appellant had no way of knowing a liquor inspection would occur as no prior warning was given. (Supp. Hg. 30).

{¶15} On redirect, Sergeant Brinsko explained he had conducted many liquor inspections and they are usually performed when police observe several cars in bar parking lots and they hear music after 2:30 a.m. (Supp. Hg. Tr. 33). He testified that during a liquor inspection, police enter and inspect the bar, make sure the liquor permit is posted, and they observe if alcohol containers are out and open on the bar in front of patrons. (Supp. Tr. 33-34). He noted that bar doors are locked only when the bar is closed and bar employees or management must open the door any time a liquor inspection is conducted. (Supp. Tr. 34).

{¶16} APD Officer Robert Caldwell testified he was called to Zodiac on September 22, 2024 and upon arrival, he observed a very large crowd in the parking lot and fighting. (Supp. Tr. 38). He stated the crowd began dispersing and he unsuccessfully tried to gain entrance into the bar. (Supp. Tr. 38-39). He testified that after entry, police attempted to conduct a liquor inspection and Appellant was identified as the manager. (Supp. Tr. 39).

{¶17} Officer Caldwell recalled that Sergeant Brinsko arrested Appellant for obstructing a liquor inspection and took Appellant to a police cruiser. (Supp. Tr. 39). Officer Caldwell searched Appellant incident to his arrest and found a baggie of pink powder, a baggie of blue powder, $2,700 in cash, and two cell phones. (Supp. Tr. 39). He found the baggies in Appellant's front left shirt pocket and the pink powder tested

positive for fentanyl. (Supp. Tr. 40). The blue powder did not test positive. (Supp. Tr. 40). He transported Appellant to the station and processed him. (Supp. Tr. 40).

{¶18} On April 10, 2025, the trial court denied Appellant's motion to suppress. The court found police had probable cause to enter Zodiac to conduct a liquor inspection after arriving there at 4:20 a.m. and encountering a parking lot full of cars and people fighting. The court noted officers unsuccessfully attempted to enter the bar upon observing patrons inside. The court held that a reasonably prudent person would believe the manager inside may be continuing to sell alcohol to patrons in violation of Ohio's liquor laws. The court further held it was not unreasonable to believe Appellant knew police were present after 40-45 minutes passed as police were knocking on the door, commotion was occurring outside, and police and fire vehicle lights were flashing from the parking lot. The court concluded the search incident to Appellant's arrest was therefore lawful.

{¶19} On November 21, 2025, Appellant entered a no contest plea to amended Count 1 fifth-degree felony possession of a fentanyl-related compound, with a forfeiture specification. He also entered a no contest plea to the other two counts as originally indicted: aggravated possession of cocaine, a fifth-degree felony with a forfeiture specification; and a first-degree misdemeanor of hindering or obstructing an inspection.

{¶20} The court proceeded to sentencing per the agreement of the parties and Appellant was sentenced to three years of community control, with the first six months to be served in the Mahoning County Justice Center. Forfeiture was also ordered. The trial court stayed the sentence pending appeal.

{¶21} Appellant asserts the following two assignments of error on appeal:

**THE TRIAL COURT'S RULING ON THE APPELLANT'S MOTION TO SUPPRESS WAS CONTRARY TO LAW BECAUSE THE COURT UPHELD THE ARREST BASED ON THE OFFICERS' AUTHORITY TO CONDUCT A LIQUOR INSPECTION RATHER THAN DETERMINING WHETHER POLICE HAD PROBABLE CAUSE TO ARREST THE APPELLANT FOR OBSTRUCTING THAT INSPECTION.**

**THE TRIAL COURT ERRED IN CONCLUDING THAT PROBABLE CAUSE EXISTED TO ARREST THE APPELLANT FOR OBSTRUCTING A LIQUOR INSPECTION BECAUSE THE STATE FAILED TO PRESENT**

Case No. 25 MA 0113

**EVIDENCE THAT THE APPELLANT KNEW, OR REASONABLY SHOULD HAVE KNOWN, THAT AN INSPECTION WAS OCCURRING**.

**{¶22}** Appellant does not dispute the authority of police to conduct the liquor inspection. Rather, he challenges whether police had probable cause to arrest him for obstructing the liquor inspection. He asserts the trial court applied the wrong standard because it determined whether probable cause existed for the liquor inspection when it should have determined whether probable cause existed to arrest him for hindering or obstructing the inspection. He also contends the trial court erred in finding probable cause for his arrest because the State failed to present sufficient evidence that he knew or should have known that police were conducting a liquor inspection.

**{¶23}** We find no merit to Appellant's assignments of error. Contrary to Appellant's assertions, the trial court did address his contention that police lacked probable cause to arrest him for obstructing the liquor inspection. In its judgment entry denying his motion to suppress, the trial court stated that Appellant's motion sought to suppress evidence obtained as a result of the search of "Defendant's person, premises, and belongings." The court observed Appellant's contention that "he was subjected to an illegal arrest and therefore his search incident to arrest was illegal." Moreover, the court framed Appellant's assertion:

> The Defendant contends that the police lacked probable cause sufficient to warrant the police in believing that he had committed a crime. Therefore, the search incident to arrest was unlawful and the evidence obtained as a result of the search should be suppressed.

**{¶24}** Our standard of review for a ruling on a motion to suppress begins with determining whether competent, credible evidence supports the trial court's factual findings. *State v. Winand*, 116 Ohio App.3d 286, 288 (7th Dist. 1996), citing *Tallmadge v. McCoy*, 96 Ohio App.3d 604, 608 (9th Dist. 1994). This standard of review is appropriate because "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *State v. Venham*, 96 Ohio App.3d 649, 653, (4th Dist. 1994). Upon finding competent, credible evidence to support the trial court's factual

findings, we then independently determine, without deference to the trial court, whether the trial court applied the appropriate legal standard. *State v. Rice*, 129 Ohio App.3d 91, 94. We will not disturb a trial court's decision on a motion to suppress when supported by substantial credible evidence. *Id.*

**{¶25}** Those selling intoxicating beverages must secure a permit. R.C. 4301. R.C. 4301.03(I) allows the liquor control commission to promulgate rules and orders as to the hours of the day when permit holders may sell intoxicating liquors. R.C. 4301.10(A)(6) allows the division of liquor control to conduct inspections of the permit holders' premises to determine compliance with R.C. 4301 and 4303 and the rules that the liquor control commission has adopted.

**{¶26}** Adm. Code 4301:1-1-79 recognizes that peace officers may conduct warrantless administrative inspections of all liquor permit premises to determine compliance with the liquor control act. Inspections may be conducted during hours in which the permit holder is open for business, but they may also be conducted "at other times only if it reasonably appears that all or part of the permit premises is in operation." Adm. Code 4301:1-1-79(B).

**{¶27}** R.C. 4301.66 states that, "[n]o person shall hinder or obstruct . . . any officer of law, from making inspection or search of any place . . . where beer or intoxicating liquor is . . . sold." Adm. Code 4301:1-1-62 requires a permit holder to "at all times, immediately admit such . . . officer to the permit premises for any lawful purpose." The statute does not include a mens rea element. Under R.C. 2901.21(C)(1), a reckless mental state is applied if a criminal statute does not specify a mens rea and strict liability is not plainly indicated. *State v. Griffin*, 2020-Ohio-3707 (1st Dist.).

**{¶28}** Accordingly, recklessness is the proper mens rea to apply in this case. R.C. 2901.22(C) provides that:

> [a] person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person

disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶29} The State presented the testimony of Sergeant Brinsko and Officer Caldwell, who were both present on the scene at 4:20 a.m., after regular operating hours for Zodiac. Appellant does not challenge police authority to enter the Zodiac to conduct a liquor inspection.

{¶30} Competent, credible evidence supports the trial court's finding that police possessed probable cause to arrest Appellant for hindering them from making an inspection. The court found that:

Since it was after hours for serving alcohol, and several persons were inside the bar at that time, a reasonably prudent person could believe that the manager inside the bar may be continuing to serve alcohol in violation of Ohio liquor laws. . . . Defendant failed to respond to the pounding on the front door by Sgt. Brinsko as well as the patrons inside attempting to exit the establishment. It is not unreasonable to believe that Defendant was in fact aware of the police presence with the passage of forty to forty-five minutes and all of the commotion going on inside and outside of the establishment.

{¶31} Ohio courts have recognized violations of R.C. 4301.66 for much shorter delays in opening a door for a liquor inspection. In *Gaydeski v. Ohio Liquor Control Comm.*, 2003-Ohio-6190, ¶ 14 (10th Dist.), the Tenth District Court of Appeals found that a 5-minute delay by a premises owner in allowing officers to enter and inspect his bar violated Ohio Administrative Code 4301:1-1-62's mandate to "immediately admit" agents to the premises. Officers there observed numerous cars in the parking lot at 3:05 a.m., lights on inside the bar, and an individual drinking beer inside. *Id*. The appellate court held that the permit holder's 5-minute delay in opening the door constituted a hindrance or obstruction under R.C. 4301.66, coupled with an observation of someone trying to conceal a bottle of beer during the delay*. Id*.

{¶32} The Tenth District cited a number of cases holding that "several minutes" of delay by a permit holder in admitting officers to enter the establishment for an inspection

met the hindering or obstructing element under R.C. 4301.66. *Id.*, citing *N.R., Inc. v. Ohio Liquor Control Comm.*, 113 Ohio App.3d 198, 203 (9th Dist. 1996) (3-4 minute delay in admitting officers into bar for inspection and officer observing glass of beer on bar constituted hindrance); *State v. Compher*, 1986 WL 3406 (4th Dist. Mar. 19, 1986) (delay of 3-5 minutes and officers hearing attempts at concealing alcohol during delay); *Rodgers v. Ohio Liquor Control Comm.*, 1998 WL 753177 (5th Dist. Oct. 19, 1998) (2-minute delay admitting officers to enter bar sufficient to constitute violation of statute as hindrance).

{¶33} Here, a 40-45 minute delay occurred before the door to Zodiac was unlocked and police were admitted. The trial court properly found that a reasonably prudent person would have or should have been aware that police were present and attempting to enter the bar to conduct a liquor inspection. This is the proper standard since it was a ruling on a motion to suppress evidence.

{¶34} Circumstances occurring inside and outside of Zodiac support this finding, including the flashing lights of police cars and a fire truck located outside of Zodiac, police repeatedly pounding on the door to gain entrance, an attempt to call Appellant, patrons inside trying to open the door, and uniformed police officers entering the bar after a delay of 40-45 minutes. Appellant was found in the kitchen, and Sergeant Brinsko opined Appellant could hear their repeated pounding on the door from the kitchen. Officers requested that patrons inside the club locate the manager and tell him police needed to speak with him.

{¶35} Appellant cites *State v. Henry*, 1983 WL 2387 (1st Dist. Dec. 21, 1983), for the proposition that R.C. 4301.66 "criminalizes the ***knowing*** obstruction of an ***inspection***, not mere awareness that law enforcement is present somewhere on or near the premises." (emphasis added by Appellant). The Tenth District agreed with this proposition in *WFO Corp. v. Ohio Liquor Control Comm.*, 1996 WL 631206, *6 (10th Dist. Oct. 31, 1996). In *WFO*, the appellant was convicted of violating R.C. 4301.66 after police sought entry into his establishment, Bristols. *Id*. He cited *Henry* to assert that he lacked knowledge that officers were attempting to enter Bristols to conduct a liquor inspection.

{¶36} The Tenth District Court of Appeals generally agreed with *Henry* that R.C. 4301.66 is not violated if a person lacks knowledge that an inspection is occurring. *Id.* However, the appellate court found that substantial evidence existed to support a finding

that the appellant violated R.C. 4301.66. *Id*. The court cited the officers' testimony that it took nearly 15 minutes for them to gain entrance into the establishment after they repeatedly knocked on the door, turned on a police siren, called the establishment and received no answer, had patrons inside look at them and walk away, and had an employee refuse them entrance and lock the door behind him. *Id.*

{¶37} Similarly here, Sergeant Brinsko and Officer Caldwell testified they repeatedly pounded on the main door of Zodiac and told patrons inside they needed to talk to the manager. Sergeant Brinsko testified that patrons inside could not exit the door and police could not gain entry because of the automatic locking mechanism on the door. Police car lights and fire truck lights flashed outside, and police attempted to call Appellant but they received no answer. Upon entry, they found Appellant in the kitchen and Sergeant Brinsko opined Appellant could hear them from the kitchen as they pounded on the door and finally gained entrance to conduct the inspection. Thus, the State presented sufficient evidence that Appellant violated R.C. 4301.66 and competent, credible evidence exists for the trial court's determination that police possessed probable cause to arrest Appellant for violating R.C. 4301.66.

{¶38} Accordingly, we find no merit to Appellant's first and second assignments of error.

{¶39} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

Dickey, J., concurs.

Case No. 25 MA 0113

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**